[No. B216130. Second Dist., Div. Seven. June 23, 2010.]

AMBER MORGAN, Plaintiff and Appellant, v.
UNITED RETAIL INCORPORATED, Defendant and Respondent.

**COUNSEL**

Initiative Legal Group, Marc Primo, Matthew T. Theriault, Dina S. Livhits and Jennifer Grock for Plaintiff and Appellant.

Sheppard Mullin Richter & Hampton, Charles F. Barker and Ross A. Boughton for Defendant and Respondent.

**OPINION**

**ZELON, J.**—Appellant Amber Morgan (Morgan) filed a class action lawsuit against her former employer, respondent United Retail Incorporated (United Retail), for violation of Labor Code section 226.[1] On behalf of a class of current and former nonexempt employees, Morgan alleged that United Retail's wage statements failed to comply with section 226, subdivision (a) because they listed the total number of regular hours and the total number of overtime hours worked by the employee, but did not list the sum of the regular and overtime hours worked in a separate line. The trial court granted

---

[1] Unless otherwise stated, all further statutory references are to the Labor Code.

summary adjudication in favor of United Retail on the section 226 claim. We conclude that the trial court properly granted summary adjudication because United Retail's wage statements complied with the statutory requirements of section 226 by "showing . . . total hours worked." (§ 226, subd. (a)(2).) We accordingly affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### I. *Class Action Complaint*

Morgan was employed by United Retail as a nonexempt comanager from about October to November 2005. During the relevant time period, United Retail issued to each nonexempt California employee a weekly itemized wage statement that included information regarding the employee's hours worked, wages earned, rates of pay, deductions from pay, and other similar topics. For employees who did not work any overtime hours during the pay period, their wage statements listed the total regular hours worked by the employee, which equaled the total number of hours worked. For employees who worked overtime hours during the pay period, their wage statements separately listed the total regular hours worked and the total overtime hours worked by the employee. However, the statements did not add the regular and overtime hours together and list the sum of those hours in a separate line.

On November 17, 2006, Morgan filed a class action complaint against United Retail for violation of various wage and hour laws, including a statutory claim for violation of section 226. With respect to her section 226 claim, Morgan alleged that United Retail's wage statements failed to comply with the requirements of section 226, subdivision (a) because the statements did not show the total hours worked by the employee. Morgan admitted that United Retail's wage statements otherwise complied with the statute.

Following the filing of Morgan's alleged class action, United Retail changed the format of its wage statements to include an additional line labeled "total hours worked." The new line simply listed the sum of the total regular hours and total overtime hours worked during the pay period. According to a declaration from Gail Hein, United Retail's vice-president of human resources, the format change was made in February 2008 because the company was being sued by Morgan for failing to include that line in its wage statements and decided to add the line in "an abundance of caution to prevent frivolous lawsuits."[2]

---

[2] When asked at a deposition why the change was made, Scott Lucas, a corporate designee for United Retail, testified that he could "only assume that we felt that our associates were

During her deposition in this case, Morgan was shown copies of her wage statements from United Retail. Morgan admitted that her total hours actually worked were "reflected" in her wage statements, and that her wage statements "accurately reflect[ed]" the hours recorded in her timecards.[3] When asked at her deposition how she was injured by United Retail's failure to include an additional line on the sum of hours worked, Morgan answered that "[i]t makes it a little difficult to count how many hours I have been working."

On July 22, 2008, the trial court granted Morgan's motion for class certification on the cause of action for violation of section 226. The certified class consisted of all nonexempt individuals employed by United Retail in California who received wage statements issued by United Retail from November 17, 2005, to February 16, 2008. As ordered by the court, the sole claim being alleged on behalf of the class was Morgan's claim that United Retail failed to comply with the requirements of section 226 because its wage statements did not show the total hours worked by class members. Morgan later dismissed her individual causes of action against United Retail pursuant to a settlement between the parties.

## II. *Motion for Summary Adjudication*

On December 16, 2008, United Retail brought a motion for summary adjudication on the section 226 cause of action. United Retail contended that the section 226 claim failed as a matter of law on the following three grounds: (1) the wage statements complied with section 226 by showing the total hours worked; (2) class members did not suffer any injury as a result of their wage statements; and (3) United Retail did not knowingly and intentionally issue noncompliant wage statements to class members. In support of its motion, United Retail submitted declarations from 18 different class members. In their declarations, these class members similarly stated that their wage statements always showed their total hours worked by showing the

---

struggling to calculate their total hours—total hours worked." After the deposition, Lucas sought to correct this statement in his transcript with the following: "I did not know the answer to this question. I have spoken with the person who decided to add the additional language. This is the answer: Although the Company believes that the statement showed the employee the total hours worked and was in compliance with the law, the attorneys for Plaintiff in this lawsuit claimed that there was a need for another line on the statement that specifically referenced the words total hours worked. The Company does not like lawsuits and decided to add this line."

[3] During the weeks where Morgan did not take a required meal period, her wage statements included an additional earnings category labeled "Other TY," which listed an additional hour of pay for each meal period missed. During the weeks where Morgan was paid a certain type of bonus called "Account Assure," her statements also included a separate earnings category labeled "Acct Assure," which listed the bonus amount paid.

number of regular hours and the number of overtime hours worked during the pay period. These class members also asserted that they never were confused by their wage statements, nor did they suffer any injury as a result of their statements not including a separate category with the sum of all hours worked.

On March 2, 2009, the trial court granted summary adjudication on the section 226 claim. In its written ruling, the court concluded that United Retail's wage statements complied with section 226's requirement regarding the total hours worked by showing the precise number of hours worked by class members at their regular and overtime rates of pay. The court also found that Morgan had failed to raise a triable issue as to whether class members suffered any injury as a result of their wage statements because Morgan's sole evidence of injury was her testimony that the statements made it "a little difficult to count how many hours" she worked. The court further concluded that Morgan had failed to present any evidence to refute United Retail's proffered showing of good faith compliance with the statute, and therefore, failed to establish a triable issue as to whether any alleged violation of section 226 was knowing and intentional. On those grounds, the trial court dismissed Morgan's sole remaining cause of action for violation of section 226. Following the entry of judgment in favor of United Retail, Morgan filed a timely notice of appeal.[4]

## DISCUSSION

### I.  *Governing Legal Standards*

In her appeal, Morgan challenges the trial court's order granting summary adjudication on her section 226 claim. "[T]he party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 [107 Cal.Rptr.2d 841, 24 P.3d 493], fn. omitted.) "Once the [movant] has met that burden, the burden shifts to the [other party] to show that a triable issue of one or more material facts exists as to that cause of action . . . ." (Code Civ. Proc., § 437c,

---

[4] On February 16, 2010, Morgan filed her first motion for judicial notice in which she asked this court to take judicial notice of various wage statements issued by United Retail to another class member in this case, Aline Mata. We denied Morgan's motion for judicial notice because it failed to comply with the California Rules of Court, rule 8.252(a)(2). On March 8, 2010, United Retail filed a motion to strike all portions of Morgan's reply brief that related to Mata's wage statements because the statements were not part of the record before the trial court. Although we deny United Retail's motion to strike, for purposes of our review, we have disregarded any portion of Morgan's briefing that refers to or relies on matters not properly before this court, including Mata's wage statements.

subd. (p)(2); see *Aguilar v. Atlantic Richfield Co., supra,* at p. 850.) The party opposing summary judgment "may not rely upon the mere allegations or denials of its pleadings," but rather "shall set forth the specific facts showing that a triable issue of material fact exists . . . ." (Code Civ. Proc., § 437c, subd. (p)(2).) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co., supra,* at p. 850.) Where summary judgment or adjudication has been granted, we review the trial court's ruling de novo. (*Id.* at p. 860.) We consider all the evidence presented by the parties in connection with the motion (except that which was properly excluded) and all the uncontradicted inferences that the evidence reasonably supports. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476 [110 Cal.Rptr.2d 370, 28 P.3d 116].) We must affirm where it is shown that no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.

■ The proper interpretation of a statute, and its application to undisputed facts, presents a question of law that is also subject to de novo review. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432 [101 Cal.Rptr.2d 200, 11 P.3d 956]; *California Veterinary Medical Assn. v. City of West Hollywood* (2007) 152 Cal.App.4th 536, 546 [61 Cal.Rptr.3d 318].) The rules governing statutory interpretation are well settled. We begin with the fundamental principle that "[t]he objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent. [Citation.]" (*Fitch v. Select Products Co.* (2005) 36 Cal.4th 812, 818 [31 Cal.Rptr.3d 591, 115 P.3d 1233].) To ascertain that intent, "we turn first to the words of the statute, giving them their usual and ordinary meaning. [Citations.]" (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340 [14 Cal.Rptr.3d 857, 92 P.3d 350].) We give effect to every word and clause so that no part or provision is rendered meaningless or inoperative. (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274 [41 Cal.Rptr.2d 220, 895 P.2d 56]; *DuBois v. Workers' Comp. Appeals Bd.* (1993) 5 Cal.4th 382, 388 [20 Cal.Rptr.2d 523, 853 P.2d 978].) A statute is not to be read in isolation, but construed in context and " 'with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citations.]' " (*Landrum v. Superior Court* (1981) 30 Cal.3d 1, 14 [177 Cal.Rptr. 325, 634 P.2d 352].) "If the statutory language is unambiguous, 'we presume the Legislature meant what it said, and the plain meaning of the statute governs.' [Citations.]" (*People v. Toney* (2004) 32 Cal.4th 228, 232 [8 Cal.Rptr.3d 577, 82 P.3d 778]; see also *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36

Cal.Rptr.2d 563, 885 P.2d 976] [" 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' "].)

## II. *Cause of Action for Violation of Section 226*

■ Under section 226, employers must provide accurate itemized statements of wages to their employees. Subdivision (a) of the statute sets forth the specific information that must be included in the wage statements: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California." (§ 226, subd. (a).) Subdivision (e) describes an employer's liability for failing to furnish wage statements that satisfy the requirements of the statute. It provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." (§ 226, subd. (e).)

We are unaware of any California case that has addressed the precise issue presented here: whether a wage statement complies with section 226 where it separately lists the total number of regular hours and the total number of overtime hours worked by the employee, but does not include an additional line with the sum of those two figures. There are, however, a few cases that have considered the "total hours worked" component of section 226 in a factually different context. (§ 226, subd. (a)(1).) For instance, in *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949, 956 [35 Cal.Rptr.3d 243] (*Cicairos*), the Third Appellate District held that an employer's wage statements violated section 226 because they "did not provide an accurate statement of hours worked." Instead, "[n]o matter how many hours [the employee] worked, the statements always listed 40 hours per week." (133 Cal.App.4th at p. 956, fn. omitted.) The statements at issue also included other ambiguous information about actual hours worked, such as listing 2,282.31 "hours" of "activity" at a "rate" of 0.3 in one of the plaintiff's weekly statements. (*Id.* at p. 960.) The Court of Appeal noted that these references to "hours" of "activity" were confusing to the recipient, and "it [was] not clear that they reflect accurate information." (*Ibid.*)

Applying the reasoning in *Cicairos*, a federal district court reached a similar conclusion in *Wang v. Chinese Daily News, Inc.* (C.D.Cal. 2006) 435 F.Supp.2d 1042 (*Wang*). The district court in *Wang* concluded that an employer's wage statements failed to comply with section 226 because it was "undisputed that [the] wage statements do not state the actual hours worked by the employees nor an hourly wage rate." (*Wang*, at p. 1050.) Rather, with respect to the total hours worked, the employer "concede[d] that the wage statements always indicate 86.66 for hours worked, regardless of the actual hours worked, the length of the pay period, or the number of work days in the pay period." (*Ibid.*, fn. omitted.) The district court granted summary judgment in favor of the plaintiff on the section 226 claim. (*Wang*, at p. 1051; see also *Cornn v. UPS, Inc.* (N.D.Cal., Feb. 22, 2006, No. C03-2001 TEH) 2006 U.S.Dist. Lexis 9013, *4–*8 [citing *Cicairos* in concluding that an employer's alleged practice of deducting a standard 30- or 60-minute meal period from an employee's total hours worked without regard to the meal periods actually taken and recorded would constitute a violation of § 226].)

In construing the requirements of section 226, the courts in *Cicairos* and *Wang* relied on an opinion letter issued by the Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE).[5] (*Cicairos, supra*, 133 Cal.App.4th at p. 955; *Wang, supra*, 435 F.Supp.2d at p. 1050.) In

---

[5] The DLSE is the state agency authorized to interpret and enforce California wage and hour laws. (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 563 [67 Cal.Rptr.3d 468, 169 P.3d 889]; *Smith v. Superior Court* (2006) 39 Cal.4th 77, 84 [45 Cal.Rptr.3d 394, 137 P.3d 218].)

a May 17, 2002 opinion letter, the agency considered whether an employer's practice of listing 86.67 hours as the total hours worked per semimonthly pay period complied with section 226. (DLSE Opn. Letter No. 2002.05.17 (May 17, 2002).) The DLSE concluded it did not. According to the agency, "the obligation to list the total hours worked during the pay period can only be satisfied by listing the precise, actual number of hours worked. . . . The reason for this requirement is simple enough—it is designed to provide the employee with a record of hours worked, and to assist the employee in determining whether he [or she] has been compensated properly for all of his or her hours worked. The failure to list the precise number of hours worked during the pay period conflicts with the express language of the statute and stands in the way of the statutory purpose." (*Id.* at p. 3.) The DLSE thus determined that the employer's practice of listing the average hours worked instead of the actual hours worked in its wage statements violated section 226. (DLSE Opn. Letter, at p. 3.)

In its opinion letter, the DLSE also addressed whether the employer could satisfy the requirements of section 226 by providing employees with a copy of their timecards or other records disclosing the actual hours worked. (DLSE Opn. Letter No. 2002.05.17, *supra*, at p. 6.) The agency reasoned that "[s]ection 226 expressly requires an 'itemized statement in writing show-ing . . . total hours worked.' Time cards or other time records, if attached to a paycheck, would satisfy section 226's requirement for a statement of *total hours worked* if the *total hours worked* during the pay period are separately listed on the time cards or other time records prior to the time these records are provided to the employee." (*Ibid.*) On the other hand, "[i]f it is left to the employee to add up the daily hours shown on the time cards or other records so that the employee must perform arithmetic computations to determine the total hours worked during the pay period, the requirements of section 226 would not be met." (*Ibid.*, italics added.) The DLSE did not, however, consider whether a wage statement that actually lists the total regular and overtime hours worked without providing a sum of such hours could comply with section 226.

As United Retail asserts, there is a recent federal district court decision which seemingly addressed this issue. In *Rubin v. Wal-Mart Stores, Inc.* (N.D.Cal. 2009) 599 F.Supp.2d 1176 (*Rubin*), the plaintiff filed a class action suit against his former employer for various wage and hour violations, including an alleged violation of section 226 for failing to show the total hours worked by employees in their wage statements. The plaintiff attached to his complaint two sample wage statements in which his total regular hours and total overtime hours were separately listed, but were not added together

as a sum of all hours worked.[6] The district court granted the employer's motion to dismiss the complaint for failing to state a valid claim for relief. (599 F.Supp.2d at p. 1177.) The court did not engage in a detailed analysis of the section 226 claim, but simply stated that "[t]he exhibit attached to the Complaint demonstrates, on its face, that Plaintiff Rubin's pay stubs *did include* the total hours worked." (599 F.Supp.2d at p. 1179.)[7]

■ Apart from the summary conclusion in *Rubin*, however, none of the published cases or DLSE opinion letters directly address whether the "total hours worked" component of section 226 may be satisfied by separately listing the total regular hours and the total overtime hours worked during the pay period. (§ 226, subd. (a)(2).) Section 226 itself does not define the terms "showing" or "total hours worked" anywhere in the statute. Yet in construing statutes, we must be mindful that "words are to be given their plain and commonsense meaning." (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, 1103 [56 Cal.Rptr.3d 880, 155 P.3d 284].) In other words, we are not free to "give the words an effect different from the plain and direct import of the terms used." (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].)

■ "When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word. [Citations.]" (*Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1121–1122 [29 Cal.Rptr.3d 262, 112 P.3d 647].) Webster's Third New International Dictionary (2002) defines the verb "show" as "to cause or permit to be seen," "to offer for inspection," or "to make evident or apparent: serve as the means to reveal or make visible." (*Id.* at p. 2105.) The adjective "total" is defined as "of or relating to something in its entirety," "viewed as an entity: complete in all details," or "constituting an entire number or amount." (*Id.* at p. 2414.) Based on the plain and commonsense meaning of these words, we conclude that United Retail's wage statements complied with section 226 by "showing . . . total hours worked." (§ 226, subd. (a)(2).)

---

[6] Pursuant to Evidence Code section 452, subdivision (d)(2), we granted United Retail's motion for judicial notice of the class action complaint filed in *Rubin v. Wal-Mart Stores, Inc.*, *supra*, 599 F.Supp.2d 1176.

[7] In her reply brief, Morgan sought to distinguish *Rubin* with an unpublished memorandum and order issued by a federal district court in *York v. Starbucks Corp.* (C.D.Cal., June 30, 2009, No. CV 08-07919) (*York*). However, we previously denied Morgan's motion for judicial notice of that district court ruling on the ground that the reasoning of another court is not an appropriate matter for judicial notice. The *York* order is not published in the Federal Supplement nor is it available through Lexis or Westlaw. We accordingly do not consider that order.

■ Consistent with the language of section 226 and the DLSE's May 17, 2002 opinion letter, United Retail's wage statements listed "the precise, actual number of hours worked" by the employee at each hourly rate of pay in effect during the pay period. (DLSE Opn. Letter No. 2002.05.17, *supra*, at p. 3.) Additionally, the wage statements did not leave it to the employee "to add up the daily hours shown on the time cards or other records" to determine the total hours worked. (*Id.* at p. 6.) Instead, it is undisputed that the wage statements accurately listed the total number of regular hours and the total number of overtime hours worked by the employee during the pay period, and that the employee could determine the sum of all hours worked without referring to time records or other documents. The employee could simply add together the total regular hours figure and the total overtime hours figure shown on the wage statement to arrive at the sum of hours worked. There is nothing in the plain language of section 226 to support Morgan's argument that wage statements which accurately list the total regular hours and overtime hours worked during the pay period must also contain a separate category with the sum of those two figures.

■ In addition to the plain language of the statute, the DLSE's Web site supports the conclusion that United Retail's wage statements complied with section 226 by showing the total hours worked. In an information section entitled "Frequently asked questions," the Web site provides a link to "an example of an itemized wage statement (pay stub) as required by Labor Code Section 226 for an employee paid an hourly wage." (See <http://www.dir.ca.gov/dlse/FAQ_Paydays.htm> [as of July 19, 2010].) Notably, the DLSE's exemplar wage statement separately lists the total regular hours and total overtime hours worked during the pay period, but does not include an additional line with the sum of all hours worked. United Retail's wage statement therefore mirrored the DLSE's exemplar statement with respect to how it purported to satisfy the "total hours worked" requirement of section 226. (§ 226, subd. (a)(2).) Like the DLSE's exemplar, the statements at issue here showed the total hours worked by employees by separately listing their total regular hours worked and their total overtime hours worked during the relevant pay period.[8] Although not binding on a court, the DLSE's construction of a statute, whether embodied in a formal rule or a less formal representation, is entitled to consideration and respect. (*Murphy v. Kenneth*

---

[8] Morgan contends that United Retail's wage statements did not exactly conform to the DLSE's exemplar statement because United Retail's statements included additional earnings categories such as "Other TY" and "Acct Assure." However, in her opposition to the summary adjudication motion, Morgan did not offer any evidence to support her assertion that these other categories contained any information about hours actually worked. To the contrary, Morgan admitted at her deposition that the "Other TY" category did not refer to hours worked, but to meal periods missed, and that the "Acct Assure" category related to bonus payments earned for enrolling customers in certain credit card accounts.

*Cole Productions, Inc., supra,* 40 Cal.4th at p. 1105, fn. 7; *Yamaha Corp. of America v. State Bd. of Equalization* (1998) 19 Cal.4th 1, 7 [78 Cal.Rptr.2d 1, 960 P.2d 1031].)

Morgan argues that section 226 must be construed as requiring a separate category for the sum of all hours worked because any contrary reading would render another provision in the statute superfluous. Morgan points out that whereas subdivision (a)(2) provides that a wage statement must show the "total hours worked" by the employee during the pay period, subdivision (a)(9) imposes a separate and independent requirement that the statement must show "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate." (§ 226, subd. (a)(2), (9).) Under Morgan's reading of the statute, an employer cannot satisfy the requirements of section 226 unless its wage statements separately list both the sum of all hours worked pursuant to subdivision (a)(2), and the breakdown of the hours worked at each hourly rate pursuant to subdivision (a)(9). We disagree.

Section 226's second requirement regarding "total hours worked" was added to the statute in 1984. (Stats. 1984, ch. 486, § 1, p. 1990.) In 2000, the Legislature again amended the statute to add the ninth requirement concerning "all applicable hourly rates in effect" and the "corresponding number of hours worked at each hourly rate." (Stats. 2000, ch. 876, § 6.) The 2000 amendment thus expanded the scope of information to be included by employers in the itemized wage statements furnished to employees. Following the amendment, an employer that previously listed the total hours worked by an employee in a single category was now required to list both the total regular hours worked and the total overtime hours worked, along with the corresponding hourly rates. It appears that by adding this more specific requirement, the statute made it easier for employees to determine whether they were being paid for all hours worked at the appropriate rates of pay. We do not, however, read this amendment as signifying that an employer could now only comply with section 226 by first listing the total regular hours and the total overtime hours worked during the pay period, and then adding those two figures together in a separate line listing the sum of all hours worked. There is nothing in the legislative history cited by the parties to demonstrate that the Legislature had such an intent.

█ Morgan claims that a separate category showing the sum of all regular and overtime hours worked is essential for employees to calculate their regular and overtime rates of pay. However, there is no evidence that nonexempt employees of United Retail were paid on any basis other than an hourly rate. For instance, Morgan has not alleged that she was paid on a salary, commission, or piece-rate basis. Where "the employee is employed

solely on the basis of a single hourly rate, the hourly rate is his [or her] 'regular rate.' " (29 C.F.R. § 778.110(a) (2010); see also *Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 905 [32 Cal.Rptr.3d 373].) In turn, the overtime rate is calculated by multiplying the employee's regular rate by one and one-half for any hours worked in excess of eight in a workday or 40 in a workweek, and by multiplying the regular rate by two for any hours worked in excess of 12 in a workday or eight on the seventh day of a workweek. (§ 510, subd. (a).)

Accordingly, to the extent class members were paid on an hourly rate basis, they could confirm whether they were being compensated for all hours worked at the appropriate rates of pay without having to first calculate the sum of all regular and overtime hours worked. Even assuming that class members were paid on a basis other than the hourly rate such as a weekly salary basis, United Retail's wage statements separately listed the regular and overtime rates of pay, the regular and overtime hours worked, and the regular and overtime wages paid for that workweek. (See § 515, subd. (d) ["For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary."]; 29 C.F.R. § 778.113(a) (2010) ["If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay . . . is computed by dividing the salary by the number of hours which the salary is intended to compensate."].) The wage statements thus provided the employees with the essential information for verifying that they were being properly paid for all hours worked. (See DLSE Opn. Letter No. 2006.07.06 (July 6, 2006) p. 2 ["The purpose of the wage statement requirement is to provide transparency as to the calculation of wages. A complying wage statement accurately reports most of the information necessary for an employee to verify if he or she is being properly paid in accordance with the law . . . ."].)

In sum, United Retail's wage statements complied with section 226's requirement regarding the total hours worked by showing the actual number of regular hours worked and the actual number of overtime hours worked during the applicable pay period. The trial court therefore properly granted summary adjudication in favor of United Retail on the section 226 claim.[9]

---

[9] In light of our conclusion that United Retail's wage statements complied with the requirements of section 226, subdivision (a), we need not address the parties' remaining arguments as to whether class members suffered any injury as a result of the statements, and whether United Retail's alleged noncompliance with the statute was knowing and intentional. We also note that the California Supreme Court has granted review in a case that directly considered whether an employee suffers "injury" upon receipt of a noncompliant wage statement, and under what circumstances an employer's noncompliance with section 226 is

## DISPOSITION

The judgment is affirmed. United Retail shall recover its costs on appeal.

Perluss, P. J., and Woods, J., concurred.

A petition for a rehearing was denied July 19, 2010, and appellant's petition for review by the Supreme Court was denied October 20, 2010, S185770.

---

"knowing and intentional" within the meaning of subdivision (e). (*Brinkley v. Public Storage, Inc.* (2008) 167 Cal.App.4th 1278 [84 Cal.Rptr.3d 873], review granted Jan. 14, 2009, S168806.)