**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISAIAS HERNANDEZ, individually, and
on behalf of all others similarly situated,

Plaintiff - Appellant,

v.

BCI COCA-COLA BOTTLING
COMPANY,

Defendant - Appellee.

No. 12-56055

D.C. No. 2:11-cv-09484-SVW-SS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 10, 2014
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

Having reviewed the parties' cross-motions for summary judgment de novo,

*Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1086 (9th Cir. 2013), we

affirm the district court's grant of summary judgment to BCI Coca-Cola Bottling

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Company ("BCI") and denial of Isaias Hernandez's motion for partial summary judgment.

"We review de novo the district court's interpretation of state law." *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1066 (9th Cir. 2013). California Labor Code § 226(a) requires an employer to provide its employees with accurate, itemized wage statements "showing" (among other things) total hours worked during the pay period, hourly rates in effect during the pay period, and the hours worked at those rates.

Wage statements comply with § 226(a) when a plaintiff employee can ascertain the required information by performing simple math, using figures on the face of the wage statement. *See Morgan v. United Retail Inc.*, 113 Cal. Rptr. 3d 10, 19 (Cal. Ct. App. 2010). Here, Hernandez need only subtract his regular hours from total hours to determine overtime hours worked during the pay period. Similarly, he can add the two component overtime rates to determine his overall overtime rate. Moreover, Hernandez demonstrated in his deposition that he could interpret his wage statements without assistance.

Contrary to Hernandez's argument, *McKenzie v. Fed. Express Corp.*, 765 F. Supp. 2d 1222 (C.D. Cal. 2011) does not control here. The *McKenzie* wage statements, splitting the overtime rate into component parts, did not provide a line

item for total hours worked. *Id.* at 1226. BCI's statements provided such a line item, allowing Hernandez to do the math to determine the § 226(a)-required information.

Because BCI's wage statements complied with § 226(a), the district court properly granted summary judgment to BCI on (1) Hernandez's Private Attorney General Act claim alleging § 226(a) violations, and (2) Hernandez's § 226(e) statutory penalties claim. For the same reason, the district court properly denied Hernandez's motion for partial summary judgment.

Hernandez's motion for class certification is moot. **AFFIRMED**.