**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| LORETTA APODACA, individually and on behalf of all others similarly situated, | No. 14-56126 |
|  | D.C. No. 2:12-cv-05664-DSF-E |
| Plaintiff - Appellant, |  |
| v. |  |
| COSTCO WHOLESALE CORP., | MEMORANDUM* |
| Defendant - Appellee. |  |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 8, 2016
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and EATON,** Judge.

Appellant Loretta Apodaca appeals from interlocutory and final orders of the

district court granting partial summary judgment in favor of Appellee Costco

Wholesale Corporation (Costco) as to Appellant's: California Labor Code section

---

&ast;      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

&ast;&ast;      Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

226(a)(9) claims and requests for injunctive relief; request for class certification under California Labor Code section 226; claims alleging inaccurate wage statements under California Labor Code section 226; continuing wage claims under section 203; unfair competition under the California Business & Professions Code; civil penalties under California's Private Attorneys General Act (PAGA); and objection to the exclusion of expert witness testimony.  We affirm the district court's findings.

The court has jurisdiction under 28 U.S.C. § 1291.  We review the district court's conclusions of state law de novo and its factual determinations for clear error.  *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991); *Plumber, Steamfitter & Shipfitter Indus. Pension Plan & Tr. v. Siemens Bldg. Techns. Inc.*, 228 F.3d 964, 968 (9th Cir. 2000).  "In the absence of a controlling decision from a state supreme court, a federal court must interpret state law as it believes the state's highest court would."  *Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir. 2006); *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

To establish a section 226 claim, the plaintiff must demonstrate both a violation of subsection 226(a) and an injury under subsection 226(e).  *See* Cal. Lab. Code §§ 226(a)(2), (9), 226(e).  The district court determined that Costco's

wage statements did not violate section 226 because Apodaca did not show Costco knowingly and intentionally issued the allegedly-defective wage statement in violation of section 226(e). This court finds, however, that the wage statements satisfied the statutory requirements of section 226(a) and, therefore, we need not determine whether Costco's actions caused injury under subsection 226(e). *Id.* § 226(a).

Apodaca argues that she is entitled to relief as a result of Costco's "knowing and intentional" failure to list on the wage statement the total hours and the separate hourly rates for vacation pay and vacation pay at the overtime rate (float overtime) on the line labeled "vacation pay/nonexempt salaried vacation or float overtime." In response, Costco argues it was in compliance with section 226(a) because it listed the total hours worked, provided corresponding hourly rates, and that any alleged violation of section 226(a) was not "knowing and intentional" under the statute's injury provision, section 226(e).

Importantly, when constructing California's labor statutes, "words are to be given their plain and commonsense meaning." *Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 289 (Cal. 2007). The Labor Code provisions at issue require that the employer provide an accurate itemized wage statement listing "total hours worked by the employee," Cal. Lab. Code § 226(a)(2), and "all applicable hourly

rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," *id.* § 226(a)(9). The district court correctly concluded that the line at issue, "vacation pay/nonexempt salaried vacation or float overtime," does not reflect "total hours worked," but instead represents paid time-off. *Id.* § 226(a). Here, in the line "vacation pay/nonexempt salaried vacation or float overtime," Costco included additional information not required by statute, i.e., information regarding paid vacation, and therefore did not violate section 226(a).

Costco's wage statements satisfy the requirements of section 226(a) because they list the total hours worked and the corresponding hourly rates. It is undisputed that the total hours worked can be calculated based on the wage statement alone by adding the "REGULAR PAY" hours to the "OVERTIME" hours. It is also undisputed that the applicable hourly rate for these worked hours can be calculated based on the wage statement alone by dividing the amount paid by the hours worked. *See Morgan v. United Retail Inc.*, 186 Cal. App. 4th 1136, 1148–49 (2010); *Price v. Starbucks, Corp.*, 192 Cal. App. 4th 1136, 1142–43 (2011). Because the hours worked and hourly rate can be "promptly and easily determine[d] from the wage statement alone," we affirm the district court's denial

of class certification and its rejection of Apodaca's individual claims premised on sections 226(a)(2), 226(a)(9), and 226(e).

Relatedly, because Appellant has not established a section 226 claim, the district court properly denied Appellant's request for class certification and injunctive relief under this provision. The district court properly found that Apodaca failed to prove claims sufficient to recover under California Labor Code section 203 for civil penalties. Cal. Lab. Code § 203. As a result, Appellant's derivative claims under California Labor Code section 2699 and California Business & Professions Code section 17200 also fail. *See Iskanian v. CLS Transp. L.A., LLC*, 327 P.3d 129, 133 (Cal. 2014); *Arias v. Super. Ct.*, 209 P.3d 923, 934 (Cal. 2009). Last, the district court acted within its discretion when tentatively excluding Apodaca's expert's testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 148–49 (1999). Apodaca did not attempt to put her expert on the stand at trial. Therefore the court's tentative exclusion of the testimony, without more, is not a basis to vacate the judgment in favor of Costco. *See Tennison v. Circus Circus Enters. Inc.*, 244 F.3d 684, 689 (9th Cir. 2001) (quoting *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 (3d Cir. 1997)) ("[W]here a district court makes a *tentative in limine* ruling excluding evidence, the exclusion of that

evidence may only be challenged on appeal if the aggrieved party attempts to offer such evidence at trial.").

**AFFIRMED**.