**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES E. WARD, individually, and on behalf of all others similarly situated, *Plaintiff-Appellant*, v. UNITED AIRLINES, INC., *Defendant-Appellee.* | No. 16-16415 D.C. No. 3:15-cv-02309-WHA |
| FELICIA VIDRIO, individually, and on behalf of all others similarly situated; PAUL BRADLEY, individually, and on behalf of all others similarly situated, *Plaintiffs-Appellants*, v. UNITED AIRLINES, INC., *Defendant-Appellee*, and DOES, 1 through 50, inclusive, *Defendants.* | No. 17-55471 D.C. No. 2:15-cv-07985-PSG-MRW ORDER CERTIFYING QUESTIONS TO THE SUPREME COURT OF CALIFORNIA |

Filed May 9, 2018

Before: Paul J. Watford and Michelle T. Friedland, Circuit Judges, and Jed S. Rakoff,[*] Senior District Judge.

## SUMMARY[**]

### Certified Questions to California Supreme Court

The panel certified the following questions of state law to the Supreme Court of California:

> (1) Wage Order 9 exempts from its wage statement requirements an employee who has entered into a collective bargaining agreement (CBA) in accordance with the Railway Labor Act (RLA). *See* 8 C.C.R. § 11090(1)(E). Does the RLA exemption in Wage Order 9 bar a wage statement claim brought under California Labor Code § 226 by an employee who is covered by a CBA?
>
> (2) Does California Labor Code § 226 apply to wage statements provided by an out-of-state employer to an employee who resides in California, receives pay in California, and

---

[*] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

pays California income tax on her wages, but who does not work principally in California or any other state?

## ORDER

We respectfully ask the Supreme Court of California to exercise its discretion to decide the certified questions set forth in section II of this order.

## I.  Administrative Information

We provide the following information in accordance with California Rule of Court 8.548(b)(1).  The captions of these cases are:

No. 16-16415

CHARLES E. WARD, individually, and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

UNITED AIRLINES, INC., Defendant-Appellee.

No. 17-55471

FELICIA VIDRIO, individually, and on behalf of all others similarly situated; PAUL

BRADLEY, individually, and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

UNITED AIRLINES, INC., Defendant-Appellee, and DOES, 1 through 50, inclusive, Defendants.

The names and addresses of counsel for the parties are:

For Plaintiff-Appellant Charles E. Ward and Plaintiffs-Appellants Felicia Vidrio and Paul Bradley: Stuart Bruce Esner, Esner, Chang & Boyer, Suite 750, 234 East Colorado Boulevard, Pasadena, CA 91101; Kirk D. Hanson, Jackson Hanson LLP, Suite 140, 2790 Truxtun Road, San Diego, CA 92106.

For Defendant-Appellee United Airlines, Inc.: Adam P. KohSweeney, O'Melveny & Myers LLP, Two Embarcadero Center, San Francisco, CA 94111; Robert Alan Siegel, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, CA 90071.

We designate Charles Ward, Felicia Vidrio, and Paul Bradley as the petitioners if our request for certification is granted. They are the appellants before our court.

## II.  Certified Questions

We certify to the Supreme Court of California the following two questions of state law:

> (1)  Wage Order 9 exempts from its wage statement requirements an employee who has entered into a collective bargaining agreement (CBA) in accordance with the Railway Labor Act (RLA).  *See* 8 C.C.R. § 11090(1)(E). Does the RLA exemption in Wage Order 9 bar a wage statement claim brought under California Labor Code § 226 by an employee who is covered by a CBA?
>
> (2)  Does California Labor Code § 226 apply to wage statements provided by an out-of-state employer to an employee who resides in California, receives pay in California, and pays California income tax on her wages, but who does not work principally in California or any other state?

We certify these questions pursuant to California Rule of Court 8.548.  The answers to these questions will determine the outcome of the two appeals currently pending in our court.  We will accept and follow the decision of the California Supreme Court on these questions.  Our phrasing of the questions should not restrict the California Supreme Court's consideration of the issues involved.

### III. Statement of Facts

In these two related cases, pilots and flight attendants have sued their employer, United Airlines, Inc. (United), alleging violations of California Labor Code § 226. The crucial state-law question is whether the plaintiffs seek an extraterritorial application of the statute that is not permitted by California law.

United is a major passenger airline headquartered in Chicago, Illinois, with a large administrative office in Houston, Texas. Approximately 16% of United flights fly into and out of California airports, and almost 17% of its employees are based in California, including the approximately 2,660 pilots in the *Ward* class. Charles Ward, the named plaintiff for his class, has been a pilot for United since 1996. Felicia Vidrio, a named plaintiff for her class, has been a flight attendant for United since 2001. Plaintiff Paul Bradley became a flight attendant for United in 2010, when United bought Continental Airlines, which employed Bradley at the time. Bradley originally sued United separately, but later consolidated his suit with Vidrio's.

Ward and Vidrio represent certified classes of California-based pilots and flight attendants, respectively. The classes are defined as pilots and flight attendants "for whom United applied California income tax laws pursuant to 49 U.S.C. § 40116(f)(2)." Section 40116(f)(2) provides that an airline employee who has regularly assigned duties in at least two states is subject to the income tax laws of the state either where the employee resides or where the employee earns more than 50% of her airline pay. 49 U.S.C. § 40116(f)(2). For pilots and flight attendants, United applies state income tax laws based on the employee's residence because it

determined that pilots and flight attendants "rarely, if ever, perform more than half their work in any one state." If an employee does not receive direct deposits, United mails her the paycheck. Thus, by definition, the classes include only pilots and flight attendants who reside in California, receive their pay in California, and pay California income tax on their wages.

The *Ward* and *Vidrio* class members do not, however, work principally in California. The pilot class members spend, on average, 12% of their flight time in the airspace above California on flights within, to, or from California. The flight attendant class members spend, on average, 17% of their flight time in the airspace above California. These percentages are not disputed.

United pilots and flight attendants are unionized. The unions negotiated the pilots' and flight attendants' respective collective bargaining agreements (CBAs) and entered into them in accordance with the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq*. The CBAs govern the pilots' and flight attendants' terms of employment, including their pay.

Ward and Vidrio are paid according to somewhat similar formulas. United pilots are generally paid by the hour. But a pilot's hourly rate can vary significantly depending, for example, on her seniority, role on each flight, work schedule, and type of airplane flown. United flight attendants are generally paid the higher of a minimum guaranteed amount or an hourly rate based on hours flown. Like pilots, a flight attendant's hourly rate can vary based on a number of factors.

United issued Ward and Vidrio at least two wage statements per month. The wage statements provide a P.O.

Box as United's address, which United employees check daily. The wage statements list the amount earned in various flight and non-flight pay categories, such as "Regular Pay," "Sick Pay," and "Customer Satisfaction Bonus." But they do not list the hours and pay rates that made up the "Regular Pay" for that period. The hours worked and hourly pay rates are available to Ward and Vidrio in electronic records. The electronic records are updated in real time and are always accessible through United's internal website.

Ward and Vidrio separately sued United, alleging that United violated California Labor Code § 226 by issuing noncompliant wage statements. The first part of their claim alleges that United failed to list its "name and address" on the wage statements. *See* Cal. Labor Code § 226(a). The second part alleges that United failed to list on the wage statements themselves "all applicable hourly rates" and the "number of hours worked at each hourly rate," although Ward and Vidrio admit that United provided access to a website where that information was available. *See* Cal. Labor Code § 226(a), (e)(2). Ward and Vidrio seek an injunction and statutory penalties under § 226 and civil penalties under the Private Attorneys General Act (PAGA). *See* Cal. Labor Code §§ 226(e), (h), 2699.

Ward and Vidrio filed their suits in state court. United removed both cases to federal court, where they were assigned to different judges. In both cases, the district court certified the proposed class and the plaintiffs and United each filed motions for summary judgment.

The district courts granted summary judgment to United in both cases. In *Ward*, the district court held, citing *Tidewater Marine Western, Inc. v. Bradshaw*, 927 P.2d 296,

309 (Cal. 1996), and *Sullivan v. Oracle Corp.*, 254 P.3d 237, 248 (Cal. 2011), that § 226 does not apply to class members who work primarily outside of California. *Ward v. United Airlines, Inc.*, No. CV15-02309, 2016 WL 3906077, at \*5 (N.D. Cal. July 19, 2016). In *Vidrio*, the district court relied heavily on *Ward*, holding that Vidrio could not assert a claim under § 226 because the class members do not work principally in California and United is not based or headquartered in California and does not operate primarily in California. *Vidrio v. United Airlines, Inc.*, No. CV15-7985, 2017 WL 1034200, at \*6 (C.D. Cal. Mar. 15, 2017). Ward and Vidrio separately appealed.

We heard oral argument in these cases, which we consolidated for that purpose, on March 16, 2018. The Air Transport Association of America, Inc., filed an amicus brief in support of United. We requested post-argument briefing in both cases on the effect of Wage Order 9's RLA exemption on the plaintiffs' § 226 claims.

On the same day that we heard oral argument in these cases, we heard oral argument in *Oman v. Delta Air Lines, Inc.*, No. 17-15124. *Oman* raises questions about the extraterritoriality of California labor law that are similar to the questions raised in *Ward* and *Vidrio.* We are also certifying the state-law questions in *Oman* to the California Supreme Court, in a separate certification order.

## IV. Explanation of Certification Request

No controlling California precedent answers the certified questions on the interaction between California Labor Code § 226 and Wage Order 9, or on the proper territorial reach of California Labor Code § 226. The answers to the certified

questions would not only determine the outcome of the summary judgment motions in these cases but also resolve extraterritoriality issues that *Tidewater* and *Sullivan* left open. The certified questions matter greatly to the many California residents who work only episodically in California and to the many employers who regularly send California residents to work outside of the state.

## A.

California precedent does not resolve whether Wage Order 9's RLA exemption applies to employees who, like Ward and Vidrio, bring claims exclusively under § 226. Section 226 requires that a wage statement list the "total hours worked by the employee," the "name and address" of the employer, "all applicable hourly rates," and the "number of hours worked at each hourly rate." Cal. Labor Code § 226(a). Wage Order 9 requires that a wage statement list "all deductions" and "the name of the employer." 8 C.C.R. § 11090(7)(B). But, unlike § 226, Wage Order 9 exempts from this requirement an employee who is covered by a CBA that was entered into in accordance with the RLA. *See* 8 C.C.R. § 11090(1)(E).

California law requires us to "harmonize" § 226 and Wage Order 9. *See Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 528 (Cal. 2012). But it is not clear how to harmonize § 226 and Wage Order 9's RLA exemption.

On the one hand, Wage Order 9's RLA exemption is arguably irrelevant to § 226 because § 226 does not refer to Wage Order 9's wage statement requirements or include an RLA exemption in its section on exemptions. *See* Cal. Labor Code § 226(j). Nor does § 226 leave undefined the precise

requirements for a wage statement, which could suggest that the California Legislature intended § 226's requirements to be "read as shorthand for the requirement[s] contemplated in . . . [the] wage order[]." *Brinker*, 273 P.3d at 534. Instead, the wage statement requirements in § 226 are far more comprehensive than those in Wage Order 9. *Compare* Cal. Labor Code § 226(a) *with* 8 C.C.R. § 11090(7)(B). The lack of an RLA exemption in the detailed text of § 226 may mean that § 226 properly applies to a claim brought by a unionized worker. *See, e.g.*, *Cicairos v. Summit Logistics, Inc.*, 35 Cal. Rptr. 3d 243, 247, 251 (Ct. App. 2005).

On the other hand, that reading of § 226 arguably nullifies Wage Order 9's RLA exemption with regard to wage statements. It requires an employer of a unionized employee to comply with the more specific requirements of § 226, which is at odds with Wage Order 9's identification of wage statement regulations as properly overridden by a CBA. It may be that to best effectuate the purpose of both provisions, Wage Order 9's RLA exemption must be deemed to cover § 226 claims as well. *See Collins v. Overnite Transp. Co.*, 129 Cal. Rptr. 2d 254, 260 (Ct. App. 2003) (on Wage Order 9's motor carrier exemption).

Because we find both interpretations plausible, we certify this question as an antecedent to the second certified question, discussed below.

## B.

There is also no directly controlling California precedent on the question whether California Labor Code § 226 applies to a California-resident employee who works for an out-of-state employer and does not work principally in California.

The three principles that generally guide our evaluation of the propriety of a potentially extraterritorial application of California law, and the California Supreme Court's application of those principles, do not provide sufficient guidance here.

The first principle is that "[o]rdinarily the statutes of a state have no force beyond its boundaries." *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (Cal. 1916). To evaluate whether a claim seeks to apply the force of a state statute beyond the state's boundaries, courts consider where the conduct that "creates liability" under the statute occurs. *Sullivan*, 254 P.3d at 248; *see also RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2101 (2016) (where the "conduct relevant to the statute's focus occur[s]"). If the conduct that "creates liability" occurs in California, California law properly governs that conduct. *Sullivan*, 254 P.3d at 248; *see also Diamond Multimedia Sys., Inc. v. Superior Court*, 968 P.2d 539, 554 (Cal. 1999). By contrast, if the liability-creating conduct occurs outside of California, California law generally should not govern that conduct (unless the Legislature explicitly indicates otherwise, which it did not in the Labor Code). *See Sullivan*, 254 P.3d at 248.

The second principle is that the proper reach of Labor Code provisions can differ because the provisions regulate different conduct and implicate different state interests. *See id.* at 243–44. For example, because "California's interest in the content of an out-of-state business's pay stubs" may be weaker than its interest in the payment of overtime wages, wage statement provisions may apply more narrowly than overtime provisions do. *See id.* at 243.

The third principle is that courts must balance California's interest in applying its law with considerations of "interstate comity," in order to avoid unnecessary conflicts of state law. *See id.* at 242–43. For example, courts should consider whether the proposed use of California law would displace another state's law or protect an employee who is otherwise not protected by any state law. *See id.* at 243 (citing *Bostain v. Food Express, Inc*., 153 P.3d 846 (Wash. 2007)).

The California Supreme Court has applied these principles twice to the Labor Code. *Tidewater* held that wage orders apply to an employee who "resides in California, receives pay in California, and works exclusively, or principally, in California," 927 P.2d at 309, and *Sullivan* held that overtime provisions apply to day-long or week-long work performed in California for a California employer by an out-of-state resident, 254 P.3d at 243, 247.

But with regard to the certified question here, *Tidewater* did not address whether California law applies to California residents "who work primarily outside California[]." 927 P.2d at 309. Moreover, because *Sullivan* confined its holding to overtime provisions, it did not clarify whether its emphasis on the work's location arose from the overtime law's focus on the pay due for specific work done in California. 254 P.3d at 248. Does § 226's focus on an employee's receipt of information about her pay make the relevant location for a § 226 claim the place where the employee receives her pay? *See* Cal. Labor Code § 226(e)(2); *see also Lopez v. Friant & Assocs., LLC*, 224 Cal. Rptr. 3d 1, 6 (Ct. App. 2017); *Morgan v. United Retail, Inc.*, 113 Cal. Rptr. 3d 10, 19 (Ct. App. 2010). If so, does an employee's California residence and receipt of pay in

California strengthen California's interest in the content of an out-of-state employer's wage statement? *Cf. Sullivan*, 254 P.3d at 243. On that score, neither *Tidewater* nor *Sullivan* discussed how to balance California's interest in applying its law to its residents with California's interest in avoiding interstate conflict by not applying its law to an out-of-state employer, such as United.

In short, *Tidewater* and *Sullivan*, even informed by the principles of extraterritoriality, do not allow us to confidently resolve the plaintiffs' California law claim. The claim implicates the proper reach of California labor law, which in turn implicates the wage-and-hour protections given to California residents who work primarily outside of the state. For this reason, we certify this important question.

## V.  Accompanying Materials

The clerk of this court is hereby directed to file in the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original and ten copies of this order and request for certification, along with a certification of service on the parties, pursuant to California Rule of Court 8.548(c), (d).

This case is withdrawn from submission. Further proceedings before us are stayed pending final action by the Supreme Court of California. The Clerk is directed to administratively close this docket, pending further order. The parties shall notify the clerk of this court within seven days after the Supreme Court of California accepts or rejects certification, and again within seven days if that court accepts

certification and subsequently renders an opinion.  The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED.**