

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

EDDIE SILVA, on behalf of himself and all others similarly situated,

            Plaintiff-Appellant,

v.

DOMINO'S PIZZA, LLC, a Michigan Corporation; DOES, 1-10, inclusive,

            Defendants-Appellees.

</td><td>

No. 21-55093

DC No. 8:18-cv-02145-JVS

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted January 12, 2022
Pasadena, California

Before:    TASHIMA and M. SMITH, Circuit Judges, and S. MURPHY,[**] District Judge.

Plaintiff Eddie Silva appeals the judgment of the district court in favor of

defendant Domino's Pizza, LLC.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

We review the grant or denial of summary judgment de novo, *Williams v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 792 F.3d 1136, 1139 (9th Cir. 2015), and we affirm.

**1.** The district court did not err in denying Silva's motion for summary judgment on his claim that Domino's failed to compensate him at an hourly rate for other nonproductive time, in violation of Cal. Labor Code § 226.2(a)(4). Domino's policy manual states that drivers are paid "an hourly downtime rate for certain non-driving activities," and Domino's Rule 30(b)(6) deponent testified that this downtime rate was $20 per hour. Silva's payroll records confirm that he was compensated at this rate: when he recorded more than 30 minutes of time for completing pre- and post-trip tasks on his trip sheets, Domino's compensated him for the additional time at an hourly rate of $20, as Silva concedes. Thus, a reasonable jury could find that Domino's compensated Silva for other nonproductive time at an hourly rate rather than a flat rate.

**2.** The district court did not err in granting summary judgment to Domino's on Silva's unpaid wages claim under Cal. Labor Code § 226.2(a)(1). Under California law, there is a presumption that employees are not working when they are clocked out; to rebut this presumption, an employee must show that his employer "knew or should have known off-the-clock work was occurring."

*Brinker Rest. Corp. v. Superior Ct.*, 273 P.3d 513, 544 (Cal. 2012).  Here, Silva failed to adduce evidence from which a reasonable jury could find that Domino's knew or should have known that he was working off the clock.  The company had a written policy prohibiting off-the-clock work.  Domino's enforced this policy, including through driver audits.  Domino's, in fact, terminated Silva's employment when an audit revealed that he was working during a meal break.  Silva did not ordinarily record his additional time on his trip sheets, as required by company policy.  No manager or supervisor ever directed Silva not to record this additional time on his trip sheets. When Silva occasionally recorded additional time on his trip sheets, Domino's compensated him for the time, and Silva adduced no evidence that Domino's castigated him for recording this additional time on his trip sheets.  Silva relies on vague assertions that drivers discussed or complained about working off the clock at company meetings at which managers were present.  But "a conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).  Silva concedes that he "never complained to anybody" about off-the-clock work.

Silva contends that the burden-shifting framework discussed in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687–88 (1946), applies here because

Domino's failed to satisfy its statutory duty to record the actual time drivers spent on pre- and post-trip tasks. Silva, however, has not shown that Domino's failed to comply with any specific statutory record-keeping requirement. He cites only Cal. Labor Code § 226.2(a)(5), but he has not shown that Domino's violated the record-keeping requirements of this provision.

**3.** The district court did not err in denying Silva's motion for summary judgment on his claim that Domino's failed to provide wage statements complying with Cal. Labor Code §§ 226(a) and 226.2(a)(2). The record shows that Silva elected to receive his wage statements electronically, and we assume that electronic delivery of wage statements is permitted under California law. *See Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 291 n.7 (Cal. 2007) (noting that interpretations of the Labor Code by the California Division of Labor Standards Enforcement ("DLSE"), part of the state Department of Industrial Relations, are entitled to "consideration and respect"); DLSE Opinion Letter 2006.07.06, at 2–3 (July 7, 2006), https://www.dir.ca.gov/dlse/opinions/2006-07-06.pdf. Domino's also permissibly provided wage statements in two parts—pay stubs and driver detail payroll reports. *Cf. Cicairos v. Summit Logistics, Inc.*, 35 Cal. Rptr. 3d 243, 251 (Ct. App. 2005) (examining whether wage statements and driver trip summaries, considered together, satisfied the statutory requirements). And the

4

wage statements furnished by Domino's provided all of the information required by the statute. Silva has not shown that he was required to look beyond the wage statements, to extrinsic documents, to ascertain the required information. *See Morgan v. United Retail Inc.*, 113 Cal. Rptr. 3d 10, 17 (Ct. App. 2010) (holding that the statute was satisfied where "the wage statements accurately listed the total number of regular hours and the total number of overtime hours worked by the employee during the pay period, and that the employee could determine the sum of all hours worked *without referring to time records or other documents*" (emphasis added)).

**4.** Silva argues for the first time in his reply brief that Domino's did not make reasonable estimates of time worked, as required by Cal. Labor Code § 226.2(a)(5). Silva concedes, however, that he did not present this argument in the argument section of his opening brief. We therefore decline to reach the issue. *See Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1110 n.1 (9th Cir. 2000) (en banc) ("[T]he law of this circuit is that issues not raised in a party's opening brief are waived.").

**AFFIRMED**.