Filed 9/26/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| EDUARDO LOPEZ,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>FRIANT & ASSOCIATES, LLC,<br><br>        Defendant and Respondent. | A148849<br><br>(Alameda County<br>Super. Ct. No. RG15764850) |

Plaintiff Eduardo Lopez filed this action seeking recovery of civil penalties under the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code,[1] § 2698 et seq.) for his employer's failure to include required information on itemized wage statements. The trial court granted summary judgment in the employer's favor on the basis that the uncontroverted evidence showed the employer's omission was not knowing or intentional within the meaning of section 226, subdivision (e)(1) (section 226(e)(1)). Because plaintiff's claim for civil penalties is governed by section 2699 and not section 226(e)(1), we reverse the judgment.

## I. BACKGROUND

On April 1, 2015, plaintiff filed a complaint asserting a single cause of action for civil penalties under PAGA. Plaintiff alleged his employer, Friant & Associates, LLC (Friant), failed to include the last four digits of its employees' Social Security numbers or employee identification numbers on itemized wage statements, in violation of section 226, subdivision (a)(7) (section 226(a)(7)).

---

[1] All statutory references are to the Labor Code unless otherwise indicated.

Friant brought a motion for summary judgment, arguing plaintiff could not prevail on his claim because (1) he did not suffer any injury resulting from a "knowing and intentional" violation of section 226, subdivision (a) (section 226(a)) as required by section 226, subdivision (e) (section 226(e)); and (2) the court should not award penalties for Friant's inadvertent wage statement error.  Plaintiff opposed the motion, arguing he was not required to demonstrate injury to prevail on his PAGA claim, and that in any event, the evidence showed Friant's conduct was knowing and intentional.  At the contested hearing, plaintiff also argued he was not required to show a "knowing and intentional" violation of section 226(a) to obtain civil penalties under PAGA.

The trial court granted summary judgment, concluding plaintiff must do more than show a violation of section 226(a), and must demonstrate "that the violation was 'knowing and intentional,' as that term has been interpreted by cases applying [section 226(e)(1)]."  Noting plaintiff had submitted no evidence to contradict the statement of Friant's accounting manager that she was not aware the last four digits of employees' Social Security numbers were not included on employees' pay stubs, the court determined plaintiff had failed to raise a triable issue of material fact regarding knowledge and intent.  The court declined to address Friant's alternative argument that plaintiff failed to demonstrate he sustained actual injury as a result of the violation, and entered judgment in Friant's favor.

## II.  DISCUSSION

### A.  *Standard of Review*

Summary judgment is appropriate if "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).)  We review a trial court's decision to grant summary judgment de novo. (*Wilson v. 21st Century Ins. Co.* (2007) 42 Cal.4th 713, 716–717.)  De novo review is also appropriate where, as here, the appeal involves a question of statutory interpretation. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724; *Barner v. Leeds* (2000) 24 Cal.4th 676, 683.)

2

**B.** *Plaintiff's PAGA Claim*

Plaintiff's sole cause of action seeks recovery of civil penalties under PAGA.

PAGA was enacted in 2003 to improve enforcement of Labor Code violations. (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 379 (*Iskanian*).) The legislation was a response to two related problems: (1) many Labor Code provisions were unenforced because they authorized only criminal sanctions and district attorneys tended to target other priorities, and (2) understaffed state enforcement agencies often lacked sufficient resources to pursue available civil sanctions. (*Iskanian*, at p. 379; *Williams v. Superior Court* (2017) 3 Cal.5th 531, 545.) Citing the importance of adequate financing of labor law enforcement, declining staffing levels for labor law enforcement agencies, and a growing labor market, the Legislature declared it was "in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations, with the understanding that labor law enforcement agencies were to retain primacy over private enforcement efforts." (*Arias v. Superior Court* (2009) 46 Cal.4th 969, 980, citing Stats. 2003, ch. 906, § 1.)

Under PAGA, an "aggrieved employee" may file a representative action "on behalf of himself or herself and other current and former employees" to recover civil penalties for violations of the Labor Code that otherwise would be assessed and collected by the Labor and Workforce Development Agency (LWDA). (§ 2699, subd. (a); *Iskanian, supra,* 59 Cal.4th at p. 380.) For all provisions of the Labor Code for which a civil penalty is not specified, PAGA creates a default civil penalty. (§ 2699, subd. (f).) The civil penalties available under PAGA are in addition to any other remedies available under state or federal law. (§ 2699, subd. (g)(1).) Any civil penalty recovered is paid 75 percent to the LWDA and 25 percent to aggrieved employees. (§ 2699, subd. (i).) A prevailing employee is also entitled to reasonable attorney fees and costs. (§ 2699, subd. (g)(1).)

Plaintiff's PAGA claim is based on Friant's alleged noncompliance with section 226(a)(7). Section 226(a) requires employers to provide accurate, itemized wage

3

statements to employees.[2]  It sets forth nine elements that must be included in the wage statement, including, as relevant to plaintiff's claim under section 226(a)(7), the last four digits of an employee's Social Security number or employee identification number. (§ 226(a); *Morgan v. United Retail, Inc.* (2010) 186 Cal.App.4th 1136, 1143.)  During the litigation, the parties stipulated Friant had issued 5,776 itemized wage statements to plaintiff and other employees that failed to include such information.

Nonetheless, defendant prevailed on summary judgment because the trial court concluded plaintiff must show not only a violation of section 226(a), but the violation was "knowing and intentional" as provided in section 226(e)(1).  Plaintiff argues the judgment must be reversed because he is not required to show either (1) a "knowing and

---

[2] Section 226(a) provides:  "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

4

intentional" violation or (2) "injury" within the meaning of section 226(e) to prevail on his PAGA claim. As we will explain, plaintiff is correct.

## C. *Section 226(e)*

In determining whether the requirements of section 226(e)(1) apply to a PAGA action for violation of section 226(a), we apply well-settled principles of statutory interpretation. "Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) We start with the words of the statute, giving them their plain and ordinary meaning. (*Ibid.*) "If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." (*Ibid.*)

### 1. *Plain Language*

Looking first to the text of the statute, section 226(e)(1) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of costs and reasonable attorney's fees." Section 226, subdivision (e)(2) specifies the meaning of "injury" within the subdivision. Friant argues, as it did below, that the language of section 226(e)(1) means plaintiff must demonstrate both an "injury" and a "knowing and intentional" violation of section 226(a) to succeed on his PAGA claim.

Friant's argument oversimplifies the task of statutory interpretation here and ignores how a PAGA claim differs from an employee's individual or class claim for damages or statutory penalties. In construing a statute, "We do not examine [its] language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles, supra,* 34 Cal.4th at p. 737.) As discussed above, PAGA is a type of qui tam statute that allows an aggrieved

5

employee to recover *civil penalties* on behalf of the state. (*Iskanian, supra,* 59 Cal.4th at p. 382.) "The purpose of the PAGA is not to recover damages or restitution, but to create a means of 'deputizing' citizens as private attorneys general to enforce the Labor Code. [Citation.] Here, the relief is in large part 'for the benefit of the general public rather than the party bringing the action.' " (*Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489, 501; see Sen. Com. on Judiciary, Analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.) as amended Apr. 22, 2003, p. 5 ["In this bill, allowing private recovery of civil penalties as opposed to statutory damages would allow the penalty to be dedicated in part to public use . . . instead of being awarded entirely to the plaintiff, as would occur with a damage award."].)

"The PAGA is limited to the recovery of *civil* penalties." (*Villacres v. ABM Industries Inc.* (2010) 189 Cal.App.4th 562, 579 (*Villacres*).) Accordingly, courts have drawn an important distinction between the "civil penalties" available under PAGA, and "statutory penalties" recoverable by individual plaintiffs before PAGA was enacted. (See *Iskanian, supra,* 59 Cal.4th at p. 381 ["The civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities."]; *Caliber Bodyworks, Inc. v. Superior Court* (2005) 134 Cal.App.4th 365, 377–378 ["civil penalties" recoverable by labor law enforcement agencies before PAGA was enacted are subject to the statute's prefiling notice and exhaustion requirements, but statutory penalties previously recoverable directly by employees are not]; *Stoddart v. Express Services, Inc.* (E.D.Cal. Sept. 16, 2015, No. 2:12-cv-01054-KJM-CKD) 2015 WL 5522142 at p. *9 [plaintiff could pursue separate claims for statutory penalties under section 226(e) and civil penalties under PAGA for section 226(a) violation].)

Section 226(e) states an employee is entitled to recover "actual damages" or a "penalty," *not* a "civil penalty." (§ 226(e)(1).) Because the penalty in section 226(e) is

not called a "civil penalty," it is a statutory penalty.[3] (See *Villacres, supra,* 189 Cal.App.4th at p. 579 ["Some Labor Code provisions establish penalties that are not expressly denominated 'civil penalties' and are therefore not subject to the PAGA. If a penalty under the Labor Code is not a 'civil penalty,' it is commonly called a 'statutory penalty.' "]; *Dunlap v. Superior Court* (2006) 142 Cal.App.4th 330, 341–343 [plaintiff sought *statutory penalties* under § 226(e)].) Thus, under the plain language of the statute, the prerequisite an employee suffer injury as a result of a knowing and intentional failure by an employer to comply with section 226(a) applies to an action for *statutory* damages under section 226(e). (§ 226(e)(1).)

### 2. *Legislative History*

Though the statutory text is clear, relevant legislative history further demonstrates section 226(e) authorizes a private right of action for statutory damages recoverable by an individual plaintiff rather than a civil penalty for the benefit of the public. (*Barratt American, Inc. v. City of Rancho Cucamonga* (2005) 37 Cal.4th 685, 697 ["Although the plain language of the statutes dictates the result here [citation], legislative history provides additional authority."].) The language allowing an individual to bring a claim for damages based on an employer's knowing and intentional violation of section 226(a) was first added by Assembly Bill No. 3731 in 1976, long before PAGA was enacted. (Assem. Bill No. 3731 (1975–1976 Reg. Sess.) § 1, enacted as Stats. 1976, ch. 832, § 1, pp. 1899–1900; see *Dunlap v. Superior Court*, *supra,* 142 Cal.App.4th at pp. 341–343 [claim for violation of section 226(e) is not subject to PAGA because it was available to plaintiffs as a private right of action before PAGA was enacted].) At the time, no penalties existed for failure to comply with existing law requiring employers to furnish an itemized wage statement. (Assem. Com. on Labor Relations, Analysis of Assem. Bill No. 3731 (1975–1976 Reg. Sess.) May 18, 1976, p. 1.)

---

[3] Some courts have chosen to refer to such statutory penalties as " 'statutory damages' " to minimize confusion. (See, e.g., *Esparza v. KS Industries, L.P.* (2017) 13 Cal.App.5th 1228, 1241–1242.)

The 1976 amendment added, in relevant part, a new subdivision (b) to section 226, stating: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover all actual damages or one hundred dollars ($100), whichever is greater, plus costs and reasonable attorney fees." (Stats. 1976, ch. 832, § 1, p. 1900.)  Explaining the effect of Assembly Bill No. 3731, the Legislative Counsel's Digest stated it "would revise the items required to be shown on . . . a detachable stub or itemized statement, and would permit any employee suffering injury due to an employer's knowing and intentional failure to comply with such provisions to recover *specified damages*." (Legis. Counsel's Dig., Assem. Bill No. 3731 (1975–1976 Reg. Sess.) 4 Stats. 1976, Summary Dig., p. 210, italics added; see Assemblyman Bill Lockyer, sponsor of Assem. Bill No. 3731 (1975–1976 Reg. Sess.), letter to Governor, Sept. 2, 1976 [stating Assem. Bill No. 3731 "provides a civil remedy of minimum damages" for employers' wage statement violations].)

According to a committee analysis, the purpose of the new law was to ensure employees were "adequately informed of compensation received and are not shortchanged by their employers," and to assist employees in establishing eligibility for unemployment insurance.  (Assem. Com. on Labor Relations, Analysis of Assem. Bill No. 3731 (1975–1976 Reg. Sess.) May 18, 1976, p. 1.)  The bill's focus on the harm to individual employees resulting from their employers' failure to comply with the law offers further evidence of the legislative intent to provide a private civil remedy.

Three years later, the Legislature created a separate *civil* penalty recoverable by the Labor Commissioner for violation of itemized wage statement requirements, in addition to the existing statutory damages available to individuals.  (Stats. 1979, ch. 1050, §§ 1–5, pp. 3703–3704.)  Assembly Bill No. 960, which added the new civil penalty, established wage statement and recordkeeping requirements for employers who paid their employees in cash, as well as a citation system for the imposition of civil sanctions.

(Assem. Bill No. 960 (1979–1980 Reg. Sess.) §§ 1–5.)[4] A committee analysis of Assembly Bill No. 960 recognized the already existing damages remedy for wage statement violations, noting "[a]ny employee suffering injury as a result of the intentional failure of [an] employer to supply this payroll information is entitled to recover actual damages plus legal costs," but emphasized the absence of any "civil or criminal penalty in the law for failure to comply with the requirement [to provide the specified payroll information]." (Assem. Com. on Labor, Employment & Consumer Affairs, Analysis of Assem. Bill No. 3731 (1979–1980 Reg. Sess.) Apr. 24, 1979, p. 1.) The express statutory language made clear the civil penalties added in the new section 226.3 were "in addition to any other penalty provided by law," and made no change to the existing provision for damages in former section 226, subdivision (b).[5] (Stats. 1979, ch. 1050, § 3, p. 3703; former § 226, subd. (b), as amended by Stats. 1976, ch. 832, § 1, p. 1900.)

Section 226 was subsequently amended a number of times before plaintiff filed his complaint in 2015, each time maintaining the remedy for individual damages. As relevant here, in 2000, the Legislature enacted Assembly Bill No. 2509, which modified the then-existing penalty of "actual damages or one hundred dollars" for knowing and intentional violations of section 226(a) to provide for recovery of "the greater of all actual

---

[4] The bill also provided a separate damages remedy, similar to the one in former section 226, subdivision (b), allowing any employee suffering injury as a result of an employer's knowing and intentional failure to comply with the new requirements "to recover all actual damages or one hundred dollars ($100), whichever is greater, plus costs and reasonable attorney fees." (Assem. Bill. No. 960 (1979–1980 Reg. Sess.) § 2; former § 226, subd. (b), as amended by Stats. 1976, ch. 832, § 1, p. 1900.)

[5] In 1987, the Legislature amended section 226(a) to consolidate the itemized wage statement requirements applicable to all private sector employers regardless of the employer's payment method, and revised section 226.3 to make the civil penalty applicable to violations of section 226(a). (Stats. 1987, ch. 976, §§ 1–5, pp. 3265–3266; Legis. Counsel's Dig., Assem. Bill No. 873, 4 Stats. 1987 (1987–1988 Reg. Sess.) Summary Dig., p. 320.) The provision in former section 226, subdivision (b) entitling employees to "actual damages or one hundred dollars" for an employer's knowing and intentional violation of section 226(a) remained unchanged. (Assem. Bill No. 873 (1987–1988 Reg. Sess.) § 1 as introduced Feb. 24, 1987; as enacted Stats. 1987, ch. 976, § 1.)

damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." (Assem. Bill. No. 2509 (1999–2000 Reg. Sess.) enacted as Stats. 2000, ch. 876, § 6, p. 6509.) Though the amount of the statutory penalty changed, its nature as a damages remedy did not. (Legis. Counsel's Dig., Assem. Bill No. 2509 (1999–2000 Reg. Sess.) 6 Stats. 2000, Summary Dig., p. 400 [explaining bill would "entitle" employees to "actual damages or penal damages" for knowing and intentional noncompliance with wage statement disclosure requirements].)

In 2012, section 226 was again amended to clarify the meaning of "injury" within section 226(e) permitting an employee to recover damages for the "knowing and intentional" failure to comply with section 226(a). (Stats. 2012, ch. 843, § 1, pp. 6628–6629.) In describing the proposed changes, a Senate Judiciary Committee analysis of the bill clarifying the "injury" requirement, Senate Bill No. 1255, discussed three different types of remedies under existing law for violation of section 226: (1) damages, penalties, and costs and reasonable attorney fees under section 226(e); (2) injunctive relief and costs and reasonable attorney fees under section 226, subdivision (h); and (3) a civil penalty for violation of section 226(a) under section 226.3. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1255 (2011–2012 Reg. Sess.) May 8, 2012, pp. 3–4.) The bill's analysis explicitly stated the amendment to section 226(e) was intended to clarify what constitutes " 'suffering injury' . . . *for purposes of recovering damages"* under current itemized statement requirements. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1255 (2011–2012 Reg. Sess.) May 8, 2012, p. 1, italics added.)

In sum, our review of the legislative history materials confirms section 226(e) permits an employee to recover statutory damages, not a civil penalty.

### 3. *Application of Section 226(e) to Plaintiff's PAGA Claim*

As the text of the statute and the pertinent legislative history reveals, the remedy provided in section 226(e) has long been, and continues to be, one for recovery of individual damages. Here, plaintiff's complaint seeks only PAGA civil penalties under

section 2699, subdivision (f).[6]  Because section 226(e)(1) sets forth the elements of a private cause of action for damages and statutory penalties, its requirement that a plaintiff demonstrate "injury" resulting from a "knowing and intentional" violation of section 226(a) is not applicable to a PAGA claim for recovery of civil penalties.

---

[6] Plaintiff claims he is entitled to PAGA's default civil penalty under section 2699, subdivision (f) because section 226(a) does not provide for a civil penalty. (§ 2699, subd. (f) [establishing civil penalty for "all provisions of this code except those for which a civil penalty is specifically provided"].)  As noted above, however, section 226.3 provides a civil penalty for violation of section 226(a).  (§ 226.3 ["Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."].)  In a footnote in his opening brief, plaintiff cites *Fleming v. Covidien, Inc.* (C.D.Cal. Aug. 12, 2011, No. ED CV 10-01487 RGK (OPx)) 2011 WL 7563047, page *3, in support of his contention section 226.3 does not apply in this case because his claim is based on Friant's failure to include wage statement information required by the statute.  *Fleming* held section 226.3 applies only when an employer fails to keep required records or provide a wage statement at all, not where, as here, an employer omits information required by section 226(a).  (*Fleming*, at p.*3.)  We note various federal courts have taken different positions on this issue.  (Compare *Fleming*, at p. *3 and *York v. Starbucks Corporation* (C.D.Cal. Nov. 1, 2012, No. CV 08-07919 GAF (PJWx)) 2012 WL 10890355 at p. *9 [§ 226.3 did not provide penalty for violation of § 226(a) where plaintiff alleged "only that relevant information was missing from her wage statements"] with *Culley v. Lincare, Inc.* (E.D.Cal. 2017) 236 F.Supp.3d 1184, 1194 [PAGA default penalty did not apply to a claim for violation of § 226(a) because § 226.3 sets out a civil penalty for *all* violations of § 226].)  In its opposition, Friant argues section 226.3 provides authority for the court to award no PAGA penalties, but otherwise does not discuss whether section 226.3 applies to the facts of this case.  In any event, resolution of *which* civil penalty will apply if plaintiff prevails is not necessary to our decision, since it is clear plaintiff would be entitled to bring a PAGA claim either because (1) section 226.3 provides a civil penalty for violation of section 226(a) (see § 2699, subd. (a)); or (2) PAGA's default civil penalty applies.  (See § 2699, subd. (f); see also *Diaz v. A&R Logistics, Inc.* (S.D.Cal. Sept. 16, 2015, Case No. 15cv0520 DMS (RBB)) 2015 WL 11237469 at p. *5 [court need not determine at pleading stage whether civil penalty provided in § 226.3 or default civil penalty was available in PAGA action].)  As the parties have not adequately briefed the point and it is not necessary to our decision, we do not address the issue.

11

Our conclusion is bolstered by the fact PAGA expressly recognizes a claim for violation of section 226(a), but does not mention section 226(e). (§§ 2699.3, subd. (a), 2699.5.) Before bringing a PAGA claim, a plaintiff must comply with administrative procedures outlined in section 2699.3, requiring notice to the LWDA and allowing the employer an opportunity to cure unspecified violations not listed in section 2699.5. (§§ 2699, subds. (a), (c), (g)(1), 2699.3.) Section 2699.5, in turn, lists specific "serious" Labor Code violations which an employer does *not* have the right to cure. (§§ 2699.3, subds. (a), (c), 2699.5; see Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 1809 (July 27, 2004) at p. 2 [noting amendment establishes a procedure for aggrieved employees "to recover penalties for enumerated, serious Labor Code violations"].) Among the noncurable violations is "subdivision (a) of Section 226." (Former § 2699.5.)[7] Significantly, section 2699.5 specifically cites *subdivision (a)* of section 226, not the entire section. Thus, by its plain language, PAGA allows a claim for violation of section 226(a) without any reference to subdivision (e).

Our interpretation is also consistent with many federal court decisions that have determined the requirements in section 226(e) do not apply to a PAGA claim based on a section 226(a) violation. (See *McKenzie v. Federal Exp. Corp.* (C.D.Cal. 2011) 765 F.Supp.2d 1222, 1232 (*McKenzie*); *Willner v. Manpower, Inc.* (N.D.Cal. 2014) 35 F.Supp.3d 1116, 1136 [plaintiff not required to establish a § 226(e) injury to prevail on PAGA claim for violation of § 226(a)]; *Gaasterland v. Ameriprise Financial Services, Inc.* (N.D.Cal. Sept. 15, 2016, Case No. 16-CV-03367-LHK) 2016 WL 4917018 at pp. *7–*8 [§ 226(e) does not apply to PAGA claim for violation of § 226(a)]; *Stafford v. Brink's, Incorporated* (C.D.Cal. Aug. 5, 2014, Case No. CV-14-1352-MWF (PLAx)) 2014 WL 12586066 at p. *7 [PAGA claim based on violation of § 226 does not require

---

[7] Section 2699.5 was amended in October 2015, after plaintiff's complaint was filed, to allow an employer to cure violations of section 226, subdivision (a)(6) and (8), but not violations of section 226, subdivision (a)(1)–(7) or (9). (Stats. 2015, ch. 445, § 3, p. 4012.) As plaintiff's claim is for violation of section 226(a)(7), the amendment does not affect his claim.

showing of knowing and intentional injury]; *Burnham v. Ruan Transportation* (C.D.Cal. Aug. 30, 2013, Case No. SACV 12-0688 AG (ANx)) 2013 WL 12120064 at p. *3 [plaintiffs must prove injury to recover damages under § 226, but not to recover PAGA penalties]; *Lopez v. G.A.T. Airline Ground Support, Inc.* (S.D.Cal. July 19, 2010, No. 09-CV-2268-IEG (BGS)) 2010 WL 2839417 at pp. *5–*6 [granting summary judgment *in favor of the plaintiff* for PAGA penalties based on violation of § 226(a) where facts showed wage statements omitted required information].)  The plaintiff in *McKenzie,* for example, like plaintiff here, sought to recover penalties under section 2699, subdivision (f) based on his employer's violations of section 226(a).  (765 F.Supp.2d at p. 1232.)  The district court rejected the defendant's argument the employee was required to demonstrate "injury" within the meaning of section 226(e) and held that "proving a violation of subsection (a) of Section 226 is sufficient by itself to warrant civil penalties under PAGA."[8]  (765 F.Supp.2d at p. 1232.)  Indeed, Friant has not pointed us to a single state or federal case holding that section 226(e)'s "injury" or "knowing and intentional" requirements apply to a PAGA claim for violation of section 226(a).

Friant relies on *Price v. Starbucks Corp.* (2011) 192 Cal.App.4th 1136, *Gofron v. Picsel Technologies., Inc.* (N.D.Cal. 2011) 804 F.Supp.2d 1030, and *Fobroy v. Video Only, Inc.* (N.D.Cal. Nov. 14, 2014, No. C-13-4083 EMC) 2014 WL 6306708 at page *5, to argue a "derivative" PAGA claim must fail where a Labor Code claim lacks merit, but none of those cases announced such a broad rule and each is distinguishable.  In *Price,* the trial court properly sustained a demurrer without leave to amend to the plaintiff's *damages* claim under section 226(e) because the plaintiff failed to allege a cognizable

---

[8] Friant argues *McKenzie* is unpersuasive because it incorrectly stated, "Section 2699.3 plainly provides that a civil action to recover penalties under Section 2699(f) requires a violation of one of the provisions listed under Section 2699.5." (*McKenzie*, *supra*, 765 F.Supp.2d at p. 1232.)  While we agree the statement was inaccurate because section 2699.5 only lists noncurable violations, the point is not central to the *McKenzie* court's analysis.  The principle on which the court based its conclusion—that the plain text of PAGA authorizes a claim based on violation of section 226(a) but does not mention section 226(e)—is analytically sound.  (*McKenzie*, at p. 1232.)

13

injury. Though the Court of Appeal held the plaintiff's PAGA claim also failed, the PAGA claim was based on a failure to timely pay the plaintiff upon discharge, not a violation of section 226(a). (192 Cal.App.4th at pp. 1141–1142, 1147.) In *Gofron,* the district court granted summary judgment on all of the plaintiff's claims, including a PAGA claim for violation of section 226, because she was exempt from the Labor Code provisions. (804 F.Supp.2d at p. 1043.) In *Fobroy*, the plaintiff's PAGA claim for violation of section 226(a) *survived* summary judgment because triable issues of fact existed as to her individual claim for violation of section 226(e)—a logical outcome given that section 226(e) requires *more* elements than the PAGA claim. (2014 WL 6306708 at pp. *3, *5.) None of these cases hold or suggest a PAGA cause of action for violation of section 226(a) is derivative of, or dependent on, an individual claim for violation of section 226(e)(1).

Likewise, we find unpersuasive Friant's argument that allowing plaintiffs to pursue PAGA claims based only on a showing required information was omitted would "make an 'end run' around the statutory requirements" of a section 226(a) claim. Citing *Arias v. Superior Court*, *supra*, 46 Cal.4th 969, 987, Friant contends a prevailing plaintiff would be able to use a judgment from a PAGA claim against an employer in a subsequent prosecution for violation of section 226(e)(1). In *Arias,* the Supreme Court noted that if an employee plaintiff prevails on a PAGA claim based on an employer's Labor Code violation, the employer will be bound by the adverse judgment and nonparty employees can invoke collateral estoppel to obtain remedies other than civil penalties for the *same* Labor Code violations. (*Arias*, at p. 987.) As we have discussed, however, a claim for damages or statutory penalties under section 226(e) is *not* the same as a PAGA claim for violation of section 226(a). A plaintiff prevailing on a section 226(a) PAGA claim could invoke collateral estoppel (issue preclusion) to establish a violation of section 226(a), but not to establish the additional elements of "injury" and a "knowing and intentional" violation required for a 226(e) claim. (See *Arias*, at p. 985 ["Collateral estoppel precludes relitigation of issues that were necessarily decided in prior litigation"]; *Johnson v. GlaxoSmithKline, Inc.* (2008) 166 Cal.App.4th 1497, 1507–1508 [collateral estoppel

14

precludes relitigation of an issue only if the *identical* issue was actually litigated and necessarily decided in former proceeding].)

Finally, Friant asserts that even assuming plaintiff may pursue a PAGA claim without establishing the wage statement omissions were knowing and intentional, the undisputed facts show an award of PAGA penalties is wholly inappropriate. Friant contends section 2699, subdivision (e)(1)[9] and section 226.3 together give a court discretion to decline to award PAGA penalties where an employer's mistake is "inadvertent." Friant also asserts a court may exercise its discretion to reduce a PAGA award that is "unjust, arbitrary and oppressive, or confiscatory" under section 2699, subdivision (e)(2). Such decisions, however, are for the trial court in the first instance when determining the amount of a PAGA award, not for an appellate court on review of a motion for summary judgment.[10] (See Code Civ. Proc., § 437c, subd. (a) [summary

---

[9] Section 2699, subdivision (e)(1) provides: "For purposes of this part, whenever the [LWDA], or any of its departments, divisions, commissions, boards, agencies, or employees, has discretion to assess a civil penalty, a court is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty."

[10] We acknowledge Friant's argument civil penalties are not appropriate in this case given Friant's intent to comply with the law, the evidence that the inadvertent clerical error was promptly corrected as soon as Friant became aware of it, and the absence of actual harm. While we cannot affirm summary judgment on that basis as Friant suggests, such considerations certainly will be relevant at the penalty determination stage. As Friant notes, section 2699, subdivision (e)(2) provides trial courts with authority to reduce an award of PAGA penalties under appropriate circumstances. (§ 2699, subd. (e)(2) [court may award lesser amount than maximum civil penalty in PAGA action if to do otherwise would result in award that is unjust, arbitrary and oppressive, or confiscatory]; see *Amaral v. Cintas Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1213; *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1135–1136 [trial court appropriately reduced PAGA penalties by 30 percent in light of employer's conduct demonstrating it took obligations seriously and attempted to comply with the law].) Furthermore, if section 226.3 applies in this case, it appears the court would have the same authority as the Labor Commissioner to assess an award for civil penalties under sections 2699, subdivision (e)(1) and section 226.3. (See, e.g., *Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement* (2011) 192 Cal.App.4th 75, 82 [§ 226.3 envisions a two-part analysis requiring mandatory

15

judgment concerns whether action has no merit]; see also *Amaral v. Cintas Corp. No. 2*, *supra*, 163 Cal.App.4th at p. 1207 [trial court assessed penalties *after* finding employer violated Labor Code]; *Boyd v. Bank of America Corp.* (C.D.Cal. 2015) 109 F.Supp.3d 1273, 1313 [summary judgment is "not the appropriate juncture" for court to exercise its discretion to reduce PAGA penalties].)

Consistent with the PAGA statutory framework and the plain language and legislative history of section 226(e), we hold a plaintiff seeking civil penalties under PAGA for a violation of section 226(a) does not have to satisfy the "injury" and "knowing and intentional" requirements of section 226(e)(1). Friant's motion for summary judgment should have been denied.

### III. DISPOSITION

The judgment is reversed. Plaintiff is entitled to costs on appeal.

---

consideration of whether violation was inadvertent followed by discretionary decision whether to penalize the violation].)

_____
Margulies, J.

We concur:


_____
Humes, P.J.


_____
Banke, J.


A148849
*Lopez v. Friant & Associates, LLC*

17

Trial Court:   Alameda County Superior Court

Trial Judge:   Hon. Stephen Pulido

Counsel:

Kingsley & Kingsley, APC, Eric B. Kingsley and Ari J. Stiller for Plaintiff and Appellant.

Simpson, Garrity, Innes & Jacuzzi, PC, Paul V. Simpson, Sarah E. Lucas, and Arthur S. Gaus for Defendant and Respondent.