Nor has Virgin "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness" of using Virgin's required start time to measure Plaintiffs' work. Tyson Foods , 136 S.Ct. at 1047 (citation omitted). Virgin produced an excerpt of a single employee's deposition testimony regarding her own occasional lateness. ECF No. 352-1 at 14. This does not create a genuine issue of material fact whether its employees were late with such frequency as to render Plaintiffs' damages model unreasonable or unjust.
Accordingly, the Court will use Plaintiffs' damages model.
C. Waiting Time Penalties
Virgin also challenges Plaintiffs' ability to recover waiting time penalties under California Labor Code section 203(a). ECF No. 352 at 22-25. Section 203(a) provides that "[i]f an employer willfully fails to pay ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced."
First, Virgin contends that it did not act "willfully," Cal. Lab. Code § 203(a), given its good faith dispute as to the legality of its practices. ECF No. 352 at 22. In its prior order granting summary judgment on liability, the Court held that Virgin had acted willfully in failing to pay waiting time penalties to the Subclass. ECF No. 317 at 11-12.
Virgin next raises for the first time a defense to liability for waiting time penalties. Even where an employer willfully fails to pay wages, "a good faith dispute that any wages are due will preclude imposition of waiting time penalties under Section 203." Cal. Code Regs. tit. 8, § 13520. Because Virgin could have raised this defense earlier but did not do so, the Court does not address it further.
Finally, Virgin raises two additional objections to the scope of the Waiting Time Penalties Subclass, arguing that (1) it cannot be liable for waiting time penalties to employees who left Virgin after Plaintiffs' complaint was filed on March 18, 2015, and (2) class members who were not based in California at the time of separation are not "employee[s]" within the meaning of the Labor Code. ECF No. 352 at 23-25. Because Virgin also had numerous prior opportunities to raise these liability arguments, the Court likewise does not consider them.
Accordingly, the Court grants judgment to Plaintiffs on waiting time penalties.
D. Meal Period and Rest Break Claims
Virgin next disputes whether Plaintiffs are entitled to prejudgment interest on their meal period and rest break claims. ECF No. 352 at 25-27.
Plaintiffs argue that they are entitled to prejudgment interest under California Labor Code section 218.6, ECF No. 355 at 19-20, which provides that, "[i]n any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at [a ten percent] rate of interest."[8] Virgin argues that these claims are not "brought for the nonpayment of wages," and therefore section 218.6 does not apply. ECF No. 352 at 26.
In Kirby v. Immoos Fire Protection, Inc. , the California Supreme Court held that "a section 226.7 claim" does not "constitute[ ] an 'action brought for the *989 nonpayment of wages' within the meaning of section 218.5," which authorizes an award of attorneys' fees and costs for such actions. 53 Cal. 4th 1244, 1255, 140 Cal.Rptr.3d 173, 274 P.3d 1160 (2012). Multiple district courts have since concluded that Kirby 's holding applies to the identical language in section 218.6. See, e.g. , In re: Autozone, Inc. , No. 3:10-MD-02159-CRB, 2016 WL 4208200, at *7 (N.D. Cal. Aug. 10, 2016) ; Van v. Language Line Servs., Inc. , No. 14-CV-03791-LHK, 2016 WL 3143951, at *18 (N.D. Cal. June 6, 2016). The Court likewise concludes that Kirby forecloses Plaintiffs' argument.
Murphy v. Kenneth Cole Productions, Inc. , on which Plaintiffs rely, is not to the contrary. 40 Cal. 4th 1094, 56 Cal.Rptr.3d 880, 155 P.3d 284 (2007). The Murphy court held that the premium pay provided as a remedy in section 226.7(c)[9] was a wage, not a penalty. Id. , 56 Cal.Rptr.3d 880, 155 P.3d at 297. The Kirby court expressly distinguished Murphy , explaining that while section 226.7's remedy is a wage, "wages" in section 218.5's "action brought for nonpayment of wages" language refers to "the legal violation triggering the remedy," not the remedy itself. 53 Cal. 4th at 1257, 140 Cal.Rptr.3d 173, 274 P.3d 1160.
Accordingly, the Court denies Plaintiffs' motion for judgment awarding prejudgment interest on the meal period and rest break claims.[10]
E. PAGA Penalties
Finally, Virgin argues that (1) certain PAGA penalties are not available as a matter of law and (2) the Court should exercise its discretion to reduce the amount of all PAGA penalties.
1. Availability of PAGA Penalties for Inaccurate Wage Statements
Virgin contends that Plaintiffs are not entitled to penalties under both PAGA and California Labor Code section 226(e) for the failure to provide accurate wage statements. ECF No. 352 at 20-22. Even if Virgin had timely raised this argument, the Court would reject it on the merits.
As the Court recently explained in another case, it is necessary "to differentiate between civil and statutory penalties" in this context. Azpeitia v. Tesoro Ref. & Mktg. Co. LLC , No. 17-CV-00123-JST, 2017 WL 3115168, at *11 (N.D. Cal. July 21, 2017). "A statutory penalty is directly recoverable by an employee and does not require PAGA compliance, whereas a civil penalty was previously enforceable only by the state's labor enforcement agencies and now requires PAGA compliance." Id. Accordingly, the Court concluded in Azpeitia that where a separate provision of the Labor Code provides for statutory penalties, it does not preclude "additional penalties under PAGA" for the same violations. Id.
Virgin's attempt to distinguish Azpeitia because it involved recovery under different Labor Code provisions, ECF No. 352 at 21-22, is not persuasive. Virgin does not contest the distinction between statutory and civil penalties, and it does not argue that section 226(e) is a civil penalty. Cf.
*990 Lopez v. Friant & Assocs., LLC , 15 Cal. App. 5th 773, 781, 224 Cal.Rptr.3d 1 (2017) (holding that section 226(e) is a "statutory penalty" rather than a "civil penalty" subject to PAGA). The Court concludes that the reasoning in Azpeitia applies here.
Virgin's contention that PAGA provides an option for recovery that is mutually exclusive with other remedies, such as statutory penalties, also lacks support in the statutory language. Virgin emphasizes that, under PAGA, "an aggrieved employee may recover the civil penalty described in subdivision (f)." ECF No. 352 at 22 (quoting Cal. Lab. Code § 2699(g)(1) ). But that very same provision also clearly states that "[n]othing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part." Cal. Lab. Code § 2699(g)(1) (emphasis added); see also Stoddart v. Express Servs., Inc. , No. 2:12-CV-01054-KJM, 2015 WL 5522142, at *9 (E.D. Cal. Sept. 16, 2015) (citing this language and reasoning that "[t]he plain language of the statute makes statutory penalties under section 226(e) of the Labor Code available to plaintiff in addition to civil penalties afforded under PAGA").
Consistent with this language, the California Supreme Court has explained that, under principles of collateral estoppel, nonparty employees may "use the judgment [in a PAGA action] against the employer to obtain remedies other than civil penalties for the same Labor Code violations." Arias v. Superior Court , 46 Cal. 4th 969, 987, 95 Cal.Rptr.3d 588, 209 P.3d 923 (2009). And in Lopez , the California Court of Appeal expressly contemplated that the same plaintiff could do so for the exact provisions at issue here. 15 Cal. App. 5th at 787, 224 Cal.Rptr.3d 1 ("A plaintiff prevailing on a section 226(a) PAGA claim could invoke collateral estoppel (issue preclusion) to establish a violation of section 226(a), but not to establish the additional elements of 'injury' and a 'knowing and intentional' violation required for a 226(e) claim."); see also Caliber Bodyworks, Inc. v. Superior Court , 134 Cal. App. 4th 365, 384, 36 Cal.Rptr.3d 31 (2005) (explaining that "causes of action seek[ing] 'other remedies' in addition to civil penalties [are] permissible under section 2699, subdivision (g)(1)," provided that plaintiffs comply with PAGA's procedural requirements).
The Court acknowledges that, as Virgin points out, some district courts have concluded that plaintiffs must choose one of the forms of recovery for violations of Labor Code section 226(a). See, e.g. , Rodriguez v. Scripps Media, Inc. , No. CV150016FMOAJWX, 2015 WL 13747408, at *6 (C.D. Cal. Jan. 28, 2015) ; Guifu Li v. A Perfect Day Franchise, Inc. , No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *17 (N.D. Cal. June 15, 2012). Nonetheless, for the reasons stated above, the Court finds cases reaching the opposite conclusion more persuasive. See, e.g. , Reynoso v. RBC Bearings, Inc. , No. SACV1601037JVSJCGX, 2017 WL 6888506, at *4 (C.D. Cal. Sept. 25, 2017) (permitting recovery under both PAGA and section 226(e) ); Cabardo v. Patacsil , 248 F.Supp.3d 1002, 1013 (E.D. Cal. 2017) ("Here, Plaintiffs can recover both the statutory penalties set forth in § 226(e) and civil penalties pursuant to PAGA."); Azpeitia , 2017 WL 3115168, at *11 ; Stoddart , 2015 WL 5522142, at *9 (permitting recovery under both PAGA and section 226(e) ); cf. Aguirre v. Genesis Logistics , No. SACV1200687JVSANX, 2013 WL 10936035, at *3 (C.D. Cal. Dec. 30, 2013) (permitting recovery under both provisions but exercising discretion to reduce PAGA penalties).
The Court therefore concludes that Plaintiffs may recover additional PAGA
*991 penalties for Labor Code section 226(a) violations.
2. Reduction under Section 2699(e)(2)
Finally, Virgin urges the Court to exercise its discretion to reduce the PAGA penalties to $0, or in the alternative, to 25 percent of the calculated amount (approximately $8.325 million). ECF No. 352 at 16-19. Virgin argues that, given the unsettled issues of liability presented by this case, Virgin's wage practices were supported by its good-faith understanding of the law at the time. Id. at 17-18.
PAGA provides that the Court "may award a lesser amount than the maximum civil penalty amount specified by this part if, based on the facts and circumstances of the particular case, to do otherwise would result in an award that is unjust, arbitrary and oppressive, or confiscatory." Cal. Lab. Code § 2699(e)(2). In exercising this discretion, the Court considers PAGA's "remedial purpose." Amaral , 163 Cal. App. 4th at 1213, 78 Cal.Rptr.3d 572.
As for Virgin's request that the Court award no penalties at all, the California Courts of Appeal have suggested that a "trial court lacks discretion to reduce a civil penalty to zero." Thurman v. Bayshore Transit Mgmt., Inc. , 203 Cal. App. 4th 1112, 1135, 138 Cal.Rptr.3d 130 (2012) ; see also Amaral , 163 Cal. App. 4th at 1210, 78 Cal.Rptr.3d 572 (rejecting the argument that the trial court "had discretion to forgo imposing any penalties because [the employer] had a good faith dispute about whether wages were due"). Virgin provides no contrary authority or supporting argument.
Virgin's cases in support of its 75 percent reduction are also wholly inapposite. See ECF No. 352 at 18-19. In Fleming v. Covidien Inc. , the court reduced penalties from $2.8 million to $500,000 where it concluded that plaintiffs "suffered no injury due to the erroneous wage statements," which omitted the requisite employee identification number, the beginning date of the pay period, and the identity of the employer. No. (OPX), 2011 WL 7563047, at *2, 4 (C.D. Cal. Aug. 12, 2011). Moreover, the employer had made good faith efforts to remedy the violations as soon as plaintiffs provided notice to the employer and the LWDA, prior to filing the lawsuit. Id. Aguirre likewise concerned information missing from wage statements (total hours worked), but no unpaid wages. See Aguirre v. Genesis Logistics , No. SACV1200687JVSANX, 2013 WL 10936036, at *9 (C.D. Cal. July 3, 2013) ; see also No. SACV1200687JVSANX, 2013 WL 10936035, at *2 (C.D. Cal. Dec. 30, 2013) (reducing PAGA penalties from $1.8 million to $500,000).[11]
The most important factor distinguishing this case is injury. Unlike in Virgin's cases, Plaintiffs have been deprived of compensation for hours worked and statutorily mandated breaks, suffering over $45 million in damages (including interest).
*992 However, Virgin raises two additional points that support some reduction.
First, Virgin stresses that $33.3 million in PAGA penalties would be confiscatory relative to $45 million in damages. ECF No. 352 at 17. The Court considers this factor. Cf. Amaral , 163 Cal. App. 4th at 1214, 78 Cal.Rptr.3d 572 (reasoning that PAGA penalty that was less than one-third of damages was "proportional to [employer's] misconduct" and not confiscatory). The weight of this factor is lessened, however, given that Virgin has not presented any evidence that the full penalty would be excessive in relation to its ability to pay. Cf. id. (also considering employer's sales and profits relative to penalty amount).
Second, Virgin again emphasizes the uncertainty regarding its liability in this case. ECF No. 352 at 17-18. As set forth in the Court's earlier orders, prior law was unsettled regarding the extraterritorial applicability of California's wage-and-hour laws in this context. See ECF No. 104 at 11-18 ; ECF No. 121 at 14. Although the relevant authorities clearly support the outcome in this case, no court had previously resolved the issues. See Choate v. Celite Corp. , 215 Cal. App. 4th 1460, 1468, 155 Cal.Rptr.3d 915 (2013) (finding a good faith dispute where the court was "the first case to define the standard for waiver under [California Labor Code] section 227.3"). Similarly, Virgin's preemption arguments, ECF No. 121 at 14-27, were "not unreasonable or frivolous." Amaral v. Cintas Corp. No. 2 , 163 Cal. App. 4th 1157, 1202, 78 Cal.Rptr.3d 572 (2008).
To the extent that Virgin continues to maintain that it is not liable, the amount of PAGA penalties will be immaterial should Virgin prevail on appeal. But whether Virgin's noncompliance was the result of good faith is also relevant to the Court's penalty analysis. See Amaral , 163 Cal. App. 4th at 1214, 78 Cal.Rptr.3d 572 (affirming no reduction where trial court found employer "was on notice that [a wage ordinance] applied to its operations but made no attempt to comply"). In other cases, courts have reduced penalties where employers took steps before or during litigation to comply with their clear obligations under the law. See Thurman , 203 Cal. App. 4th at 1136, 138 Cal.Rptr.3d 130 (noting that "defendants took their obligations under Wage Order No. 9 seriously and attempted to comply with the law"); Fleming , 2011 WL 7563047 (considering "prompt steps to correct violations once notified"). Where the law is clear, reducing penalties for these compliance efforts serves the statute's purposes by incentivizing compliance and ensuring that the penalty is proportional to the employer's course of conduct. See Amaral , 163 Cal. App. 4th at 1214, 78 Cal.Rptr.3d 572. Conversely, when the law is unclear, awarding the maximum penalties may be excessively punitive and their deterrence function weakened.
The Court therefore exercises its discretion to reduce the PAGA penalties by 25 percent, to a total of $24,981,150.
F. Declaratory Relief
Virgin also contends that Plaintiffs have waived their right to request declaratory relief. ECF No. 352 at 27. Plaintiffs respond that the Court's prior order finding that Virgin violated California law is sufficient. ECF No. 355 at 10 n.4 (citing ECF No. 317). In the order cited by Plaintiffs, the Court denied Plaintiffs' motion for summary judgment as to prospective injunctive and declaratory relief. ECF No. 317 at 13. From Plaintiffs' response, it appears that they seek only declaratory relief regarding Virgin's past conduct. To resolve any lingering uncertainty, the Court grants that request.
*993 CONCLUSION
For the foregoing reasons, the Court GRANTS IN PART Plaintiffs' motion for summary judgment on damages. The Court will award Plaintiffs' proposed amount, with two exceptions. First, the Court holds that Plaintiffs are not entitled to prejudgment interest on their meal period and rest break claims under California Labor Code section 218.6. Accordingly, the Court subtracts $60,518.78 in prejudgment interest from the proposed total as of October 25, 2018, and $52.16 in the per-day prejudgment interest following that date. See ECF No. 343 at 15. Second, the Court exercises its discretion under California Labor Code section 2699(e)(2) to reduce the remaining PAGA penalties by 25 percent, from $33,308,200 to $24,981,150.
In sum, the Court awards Plaintiffs: (1) $45,337,305.29 in damages and restitution; (2) $3,552.71 per day in continuing prejudgment interest after October 25, 2018; (3) $6,704,810 in statutory penalties; and (4) $24,981,150 in PAGA civil penalties.
Plaintiffs are ordered to serve a proposed form of judgment on Defendants within five court days. Within five court days thereafter, Defendants are ordered either to submit the proposed judgment to the Court, indicating their agreement solely as to form, or serve objections regarding the form of judgment on Plaintiffs. Within five court days thereafter, Plaintiffs are ordered to submit the proposed form of judgment, a copy of Defendants' objections, and Plaintiffs' responses.
All future dates in this case are otherwise vacated.
IT IS SO ORDERED.

Section 218.6 incorporates the rate set in California Civil Code section 3289, which is currently ten percent. See Cal. Civ. Code § 3289(b).

Section 226.7(c) (formerly subdivision (b) ) requires an employer who fails to provide a compliant meal or rest period to "pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

Although Virgin failed to raise this argument earlier, section 218.6 plainly does not authorize prejudgment interest for these claims. Because Plaintiffs rely solely on Labor Code section 218.6, see ECF No. 355 at 19-20, the Court does not consider whether prejudgment interest on these claims is available under Civil Code section 3287(a) or (b).

The Court GRANTS Virgin's request to take judicial notice of two California trial court opinions. See ECF No. 353. These cases are also readily distinguishable. As explained by the reviewing court in Kaanaana v. Barrett Bus. Servs., Inc. , the trial court reduced the PAGA penalties for missed meal breaks to 13 percent because "[o]n average, plaintiffs were deprived of 13 percent of the 30-minute meal period"). 29 Cal.App.5th 778, 240 Cal.Rptr.3d 636, 642 (2018) ; see also ECF No. 353 at 7-8. Virgin has made no such showing here. In Parr v. Golden State Overnight Delivery Service, Inc. , the court found that the maximum amount was confiscatory based on the employer's inability to pay and was unjust because plaintiffs brought an unnecessarily duplicative action and the inaccurate wage statements where "by no means the most serious" of Labor Code violations. ECF No. 353 at 24-26.