**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHELSEA HAMILTON; ALYSSA HERNANDEZ, on behalf of themselves and all others similarly situated, | No.    19-56161 |
| Plaintiffs-Appellants, | D.C. Nos. 5:17-cv-01415-AB-KK 5:17-cv-01485-AB-KK |
| v. | |
| WAL-MART STORES, INC., a corporation; WAL-MART ASSOCIATES, INC., a corporation; DOES, 1 through 50, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| CHELSEA HAMILTON; ALYSSA HERNANDEZ, on behalf of themselves and all others similarly situated, | No.    20-55223 |
| Plaintiffs-Appellees, | D.C. Nos. 5:17-cv-01415-AB-KK 5:17-cv-01485-AB-KK |
| v. | |
| WAL-MART STORES, INC., a corporation; WAL-MART ASSOCIATES, INC., a corporation, | |
| Defendants-Appellants, | |
| and | |

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DOES, 1 through 50, inclusive,

Defendant.

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted May 14, 2021
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and CARDONE,[**] District Judge.

Chelsea Hamilton and Alyssa Hernandez ("Plaintiffs") appeal, and Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. (collectively, "Walmart") cross-appeal, the district court's judgment following a jury trial in a wage-and-hour class action. In a concurrently filed opinion, we reverse and remand Hernandez's PAGA claims. In this memorandum disposition, we affirm in part, reverse in part, and remand Plaintiffs' remaining claims raised on appeal.

**1.** The district court did not err in denying Plaintiffs' motion for judgment as a matter of law with regard to the alternative workweek schedule ("AWS") election. Under California law, "[p]rior to [a] secret ballot vote, any employer who proposed to institute an alternative workweek schedule shall have made a

---

[**] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

disclosure in writing to the affected employees, including the effects of the proposed arrangement on the employees' wages, hours, and benefits." Cal. Code Regs. tit. 8, § 11070(3)(C)(3). Viewing the evidence in the light most favorable to Walmart and drawing all reasonable inferences in Walmart's favor, *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149–50 (2000), there was sufficient evidence at trial to support the jury's conclusion that Walmart properly implemented the AWS.

The evidence before the jury included that both before and after implementing the AWS, Walmart offered employees 24 hours of paid sick leave. Regardless of whether Walmart was required under California Labor Code § 246 to provide three days of sick time rather than 24 hours when it switched schedules, Walmart's disclosures to employees were accurate. And the change to the AWS did not waive the employees' rights under section 246, as the sick time requirements—however they are interpreted—still apply to Walmart. Sufficient evidence also supports the jury's conclusion that Walmart adequately described the effects of the AWS as compared to the schedule the employees were currently working. Nothing in the statute requires an employer to disclose an alternative schedule it might offer in the event of a "no" vote.

Finally, viewing the evidence in the light most favorable to Walmart, the jury could reasonably have concluded that Erin Schwartz was properly excluded

3

from the election. Walmart's witnesses testified that Schwartz's original position was not included in the AWS, that she "could have transferred to another department," and that employees at Walmart frequently change positions and shifts. The jury had sufficient evidence to conclude that after the vote but before implementation of the AWS, Schwartz switched to a position that would be covered by the proposed AWS schedule.

As the district court properly denied Plaintiffs' motion for judgment as a matter of law on the overtime claims, Plaintiffs are not entitled to a new trial on the derivative claim for waiting time penalties under California Labor Code § 203.

**2.** The district court did not abuse its discretion with regard to the AWS issue in excluding evidence that some Walmart employees began work after the vote but before implementation of the AWS. We reverse evidentiary rulings only when we are "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

All the pretrial materials and jury instructions—which Plaintiffs do not challenge—focused on Plaintiffs' theory that Walmart violated the statutory requirements for an AWS, not on a theory that Walmart engaged in "subterfuge" in scheduling start dates for employees. The district court's determination that evidence regarding the 117 people who started after the election was not relevant

4

to Walmart's statutory obligations to "affected employees" was reasonable. The relevant wage orders define "employ" as "to engage, suffer, or permit to work," Cal. Code Regs. tit. 8, § 11070, and *Martinez v. Combs*, 49 Cal. 4th 35 (2010), held that "engage" refers only to an ordinary common law employment relationship, *id.* at 64. The district court's exclusion of evidence concerning people who had not begun working at the time of the election was therefore not an abuse of discretion.

**3.** The district court abused its discretion in dismissing Plaintiffs' individual unpaid wage claims after decertifying the security checkpoint subclass.

An order denying class certification or decertifying a class is not generally a final judgment on the merits of a claim, and ordinarily, "plaintiffs may pursue their individual claims on the merits to final judgment." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017). The challenged decertification was premised entirely on Plaintiffs' lack of a workable method for calculating class-wide damages, an issue that does not apply to Plaintiffs' individual claims. The district court nonetheless dismissed the individual claims based on its conclusion that Plaintiffs abandoned their individual claims or misled Walmart as to the status of those claims.

"Dismissal under a court's inherent powers is justified in extreme circumstances, in response to abusive litigation practices, and to insure the orderly administration of justice and the integrity of the court's orders." *Halaco Eng'g Co.*

5

*v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (citations omitted). The record does not support the factual conclusions meeting this standard.

Walmart argues otherwise, maintaining that "during meet and confer sessions, 'Plaintiffs' counsel confirmed that Plaintiffs Hamilton and Hernandez would not be pursuing claims for off-the-clock work or unpaid overtime in their individual capacities.'" But the meet-and-confer sessions Walmart references culminated in "the parties' March 1, 2019 Final Pretrial Conference Order." Those sessions occurred *before* the district court decertified the security checkpoint subclass on March 4. Prior to that decertification, Plaintiffs had acknowledged only that they were not pursuing individual claims as to theories not *then* certified. In contrast, Plaintiffs represented throughout the pretrial process that they were pursuing the wage claim on the security checkpoint theory in both their individual and representative capacities. Nothing in the record suggests that Plaintiffs represented to Walmart during the pre-March 1 meet-and-confer sessions that they would abandon individual claims as to subclasses that might later be decertified.

Plaintiffs' pursuit of their individual unpaid wage claims after decertification was therefore not an "abusive litigation practice[]" nor an "extreme circumstance[]." *Halaco*, 843 F.2d at 380. Dismissal under the court's inherent powers was not supported by the record and so was an abuse of discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

**4.** The district court erred in concluding that Plaintiffs lacked standing to bring their wage statement claims under California Labor Code § 226(a). *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679–80 (9th Cir. 2021). We nonetheless affirm the dismissal of those claims, as *Magadia* established that the challenged wage statements do not violate section 226(a). *Id.* at 680–82.

**5.** The district court did not err in denying Plaintiffs' Rule 59(e) motion for prejudgment interest. "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Here, Plaintiffs had filed an earlier motion for prejudgment interest. The district court did not abuse its discretion in determining that Plaintiffs could have sought prejudgment interest for meal-break premiums under California Civil Code § 3287(a) as part of their initial request.

Plaintiffs contend that they could not have reasonably raised section 3287(a) as a basis for prejudgment interest before *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal. App. 5th 444 (2019), *review granted*, 455 P.3d 704 (Jan. 2, 2020), held that "unpaid premium wages for meal break violations accrue prejudgment interest at 7 percent" under section 3287(a), *id.* at 452, 476. As an initial matter, while review is pending before the California Supreme Court, *Naranjo* "has no binding or precedential effect, and may be cited for potentially persuasive value

7

only." Cal. R. Ct. 8.1115(e)(1). But Plaintiffs still could have pursued interest under section 3287(a) in their initial request. California courts had previously denied prejudgment interest for meal-break premiums under other sections but suggested that § 3287(a) might be a plausible basis for interest. *Bernstein v. Virgin Am., Inc.*, 365 F. Supp. 3d 980, 989 n.10 (N.D. Cal. 2019). Like the plaintiffs in *Naranjo*, Plaintiffs here could have sought interest under section 3287(a) before the appellate court's decision. We therefore affirm the district court's denial of Plaintiffs' Rule 59(e) motion.

**6.** Finally, the district court did not err in certifying, and subsequently denying a motion to decertify, the meal-break class, nor did it err in denying Walmart's motion for judgment as a matter of law as to the same class.

(i) "When reviewing a grant of class certification, we accord the district court noticeably more deference than when we review a denial of class certification." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1171 (9th Cir. 2010)).

California law requires that an employer provide a meal period to employees in which the employer "relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so." *Brinker*

*Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1040 (2012). Plaintiffs' meal-break theory is that Walmart's standard practice—requiring employees who wanted to leave the building on their meal breaks to go through a security check *after* clocking out—impermissibly impeded or discouraged employees at the Chino facility from taking meal breaks.

Class certification under Rule 23(b)(3) requires the court to "find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). The gravamen of Walmart's arguments in the cross-appeal is that California law requires a subjective showing that each employee felt impeded or discouraged—or was actually prevented from—taking their lunch break in the way they would have wanted. But the *Brinker* standard focuses on the employer's obligation to provide an uninterrupted meal break free from impediment or discouragement. In the analogous context of employer control under the meal-break statute, *Ridgeway v. Walmart Inc.*, 946 F.3d 1066 (9th Cir. 2020), concluded that "the question of control boils down to whether the employee may use break or non-work time however he or she would like," a "case-specific approach [which] focuses on the level of the employer's control on employees" not on whether every employee wants to use their break in an unauthorized way. *Id.* at 1079.

Here, all employees in the class were subject to the same security check requirements before leaving the building. Plaintiffs' theory of liability directly challenged that practice. Plaintiffs' "theory of liability—that [the employer] has a uniform policy, and that that policy, measured against wage order requirements, allegedly violates the law—is by its nature a common question eminently suited for class treatment." *Brinker*, 53 Cal. 4th at 1033. The district court's certification of the meal-break class was therefore not an abuse of discretion.

(ii) The jury determined that Walmart's security check policy was an impediment to employees' ability to take an uninterrupted meal break outside the control of their employer. That conclusion was supported by substantial evidence.

To leave the building for lunch, employees were required to go through security after clocking out, which included removing clothing with any metal parts, putting any personal items in a clear bin for inspection, and proving that any phones they were carrying were not stolen—for instance by showing a personalized home screen or entering a passcode. Viewing this evidence in the light most favorable to Plaintiffs, such security checks to leave the building after clocking out could be determined to be unlawful impediments on employees' meal breaks.

As the jury's special verdict determined that all 452,491 meal breaks calculated by Plaintiffs were subject to penalties for violating California's meal-

10

break requirements, Walmart's argument that more than a de minimis number of class members were uninjured is unavailing. The jury had sufficient evidence to conclude that Walmart provided no meal breaks free from impediments or discouragement.

We therefore affirm the district court's denial of Walmart's motions for decertification and judgment as a matter of law.

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**