**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASTON WHITEHEAD, individually and on behalf of the general public as an aggrieved employee under the Private Attorneys General Act, | No. 21-15035 |
| | D.C. No. 4:18-cv-01767-JSW |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| PACIFICA SENIOR LIVING MANAGEMENT LLC; PACIFICA OAKLAND LLC, | |
| Defendants-Appellees, | |
| and | |
| STRATEGIC OUTSOURCING, | |
| Defendant. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted October 22, 2021
San Francisco, California

Before: MURGUIA, Chief Judge, and BERZON and BEA, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

On appeal are Plaintiff Aston Whitehead's state and federal claims against Pacifica Senior Living Management LLC and Pacifica Oakland LLC ("Pacifica") for discrimination, retaliation, and wage and hour violations, arising under Title VII, the Americans with Disabilities Act ("ADA"), California's Fair Employment and Housing Act ("FEHA"), California's Labor Code, California's Business and Professions Code, the Private Attorneys General Act ("PAGA"), and public policy. This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse in part.

This Court reviews "de novo the district court's grant of a motion to dismiss under Rule 12(b)(6)." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (citation omitted). All factual allegations in the complaint are accepted as true and are construed in the light most favorable to the nonmoving party. *See id.* (citation omitted). However, this presumption does not extend to "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Although a complaint need not contain a fulsome factual summary, it must contain a sufficient factual basis to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

1. The district court properly dismissed Whitehead's retaliation claims. A plaintiff asserting a retaliation claim under Title VII must show that "(1) she engaged in activity protected under Title VII, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer's action." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) (citation omitted). A plaintiff must make the same showing under FEHA but must also demonstrate that "the protected activity was a motivating reason for the adverse action," and "the employer's conduct caused harm to the plaintiff." *Lewis v. City of Benicia*, 169 Cal. Rptr. 3d 794, 808 (Ct. App. 2014). Protected activities include opposing acts made unlawful by Title VII or FEHA. 42 U.S.C. § 2000e-3(a); Cal. Gov't Code § 12940(h). The employee must "reasonably and in good faith believe[]" the employer's conduct to be discriminatory or unlawful under Title VII or FEHA. *See Dinslage v. City & County of San Francisco*, 209 Cal. Rptr. 3d 809, 819 (Ct. App. 2016) (citation omitted); *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006).

Whitehead did not sufficiently allege that she engaged in protected activity. *See Passantino*, 212 F.3d at 506. Whitehead's reaction to a co-worker's isolated comment does not amount to protected activity. *See E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 963 (9th Cir. 2009) ("'[O]ffhand comments, and isolated incidents (unless extremely serious)' do not amount to discrimination. . . . .

3

[A] complaint about [an isolated] incident does not constitute protected activity unless a reasonable person would believe that the isolated incident violated Title VII." (quoting *Clark County School District v. Breeden*, 532 U.S. 268, 271 (2001)). Indeed, Whitehead pleaded that the disagreement at issue stemmed from her questioning a co-worker about a group activity for residents of the senior care facility, which is not protected activity.

Additionally, Whitehead did not complain to her employer about any alleged sex discrimination until *after* Pacifica had already informed her that, in its view, she had resigned by refusing to return to work. As any protected activity has no causal link to Whitehead's alleged forced resignation, Whitehead's retaliation claims fail for that reason as well. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

2. The district court also properly dismissed Whitehead's claims of discrimination under Title VII, the ADA, and FEHA and related claims. Whitehead alleged that she was terminated and subject to discrimination because of her sex, pregnancy, and pregnancy-related disability. A person suffers discrimination under these statutes "when he or she is singled out and treated less favorably than others similarly situated on account of" sex, pregnancy, or disability. *See Cornwall v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); *see Mamou v. Trendwest Resorts, Inc.*, 8 Cal. Rptr. 3d 406, 428 (Ct. App. 2008); 41 U.S.C. § 12112(a). Even if Whitehead did not resign but rather was terminated, she has not

4

pleaded facts to support the inference that her termination was because of her sex, pregnancy, or disability as opposed to her unwillingness to return to work because of a dispute with a colleague. Further, a few weeks after Whitehead requested an accommodation for her pregnancy-related disability, her employer provided her with a light duty assignment, and when a co-worker complained to Whitehead's supervisor about her light duty assignment, her supervisor explained that the accommodation was required by Whitehead's doctor note.

Because she has not pleaded a plausible claim of discrimination, Whitehead's sex, pregnancy, and disability discrimination claims fail, and so do her derivative claims for failure to prevent discrimination under California Government Code section 12940(k) and wrongful discharge in violation of public policy. *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 748–49 (9th Cir. 2011); *see also Trujillo v. North County Transit Dist.*, 73 Cal. Rptr. 2d 596, 601–02 (Ct. App. 1998) (noting that because a necessary element of a claim of failure to prevent discrimination from occurring is discrimination, plaintiff's failure to succeed in his discrimination claims dooms his failure to prevent discrimination claim as well).

Whitehead also did not plead a plausible failure-to-accommodate claim. FEHA makes it unlawful "[f]or an employer to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the

5

employee's healthcare provider." Cal. Gov't Code § 12945(a)(3)(A). An employer's refusal to engage in good faith in an interactive process with the employee to provide the requested accommodation may violate FEHA. *See Wilson v. County of Orange*, 87 Cal. Rptr. 3d 439, 445 (Ct. App. 2009). Here, Pacifica did not refuse to provide Whitehead with a reasonable accommodation, and Whitehead's complaint does not allege that Pacifica failed "to engage in a timely, good faith, interactive process . . . to determine [an] effective reasonable accommodation[]." Cal. Gov't Code § 12940(n). To the contrary, Whitehead acknowledged that a supervisor informed her that she would be contacted when she received modified duty, and that she was given modified duty weeks later. The district court therefore did not err in dismissing Whitehead's failure-to-accommodate claim.

3. The district court erred, however, by dismissing Whitehead's PAGA claims for violations of the California Labor Code.

First, Whitehead sufficiently alleged that Pacifica failed to timely pay her and other aggrieved employees wages under PAGA. Under the California Labor Code, "an employer is required to pay the amount of wages due, including vacation pay, immediately upon the discharge of an employee or within 72 [hours] after an employee's resignation." *Singh v. Southland Stone, U.S.A., Inc.*, 112 Cal. Rptr. 3d 455, 477 (Ct. App. 2010) (citing Cal. Lab. Code §§ 201, 202). Whitehead alleged

6

that Pacifica told her that she had "resigned" on February 15, 2017, but she did not receive her final wages or wage statement until February 22, 2017. She further alleged that Pacifica has failed to provide any of its employees who resigned or were terminated since January 15, 2017 with their final wages either upon termination or within 72 hours of resignation. These allegations sufficiently identify the other employees allegedly aggrieved by violations of California Labor Code sections 201 and 202. The district court erred in ruling otherwise.[1]

Second, the district court erred in dismissing Whitehead's PAGA claim brought under California Labor Code § 227.3. Section 227.3 entitles employees to the payment as wages of all vested vacation pay upon termination if the contract for employment or employer policy provides for paid vacation. Cal. Lab. Code § 227.3. Whitehead alleged that her "wage statement read that Plaintiff had a balance of 6.30 hours of accrued vacation," indicating both her contractual entitlement to vacation pay and that those vacation wages were not paid upon termination. This allegation sufficiently states a factual matter—the existence of unpaid "accrued vacation"— that would give rise to a plausible claim under California Labor Code § 227.3 and therefore states a plausible claim for relief under *Twombly*. *See* 550 U.S. at 570.

---

[1] Although a PAGA claim is a representative action, *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 382 (2014), it is not required to satisfy the federal class action requirements of commonality and typicality, *Arias v. Superior Ct.*, 46 Cal. 4th 969, 975 (2009).

Whitehead's complaint also adequately identified the other aggrieved employees subjected to violations of the obligation to pay accrued vacation wages, alleging that Pacifica "failed to pay accrued vacation wages to any of their employees in California who resigned or were terminated since January 15, 2017."

Third, Whitehead's PAGA claim for violations of California Labor Code § 432 survives for substantially the same reasons. Whitehead sufficiently pleaded that Pacifica failed to provide copies of employment records to her and other California employees who, since January 15, 2017, have requested copies of their employment records, including "employment applications, verifications of citizenship, tax withholding documents, and acknowledgment of receipt of various employment documents." In particular, Whitehead alleged that her counsel sent a letter on or about May 25, 2017 requesting copies of any instrument signed by Whitehead relating to her employment but that Pacifica did not provide a copy of those records. These allegations are sufficient to state a PAGA claim for violation of California Labor Code § 432.[2]

---

[2] Pacifica argued that Whitehead waived any arguments regarding her section 432 claim by failing to make those arguments in the district court. But Whitehead did argue that she stated a claim for a violation of section 432 in her opposition to the motion to dismiss. Pacifica also argues, for the first time on appeal, that section 432 does not provide a private cause of action. Because Pacifica did not raise this argument in the district court, it is waived. *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016).

Last, the district court erred in dismissing Whitehead's claim for PAGA penalties for violations of California Labor Code § 226(a).  Whitehead alleged that Pacifica failed to list the correct name and address of her legal employer on her wage statements and the wage statements of all other Pacifica California employees who have received wage statements since February 16, 2017.  These allegations gave Pacifica "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Updike v. Multnomah County*, 870 F.3d 939, 952–53 (9th Cir. 2017) (quoting *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006)).  Insofar as Whitehead sought civil penalties under PAGA, it was not necessary for her to allege a knowing and intentional violation of section 226(a) or a statutory injury as defined by section 226(e)(2)(B) because a "representative PAGA claim for civil penalties for a violation of section 226(a) *does not* require proof of injury or a knowing and intentional violation." *Raines v. Coastal Pac. Food Distribs., Inc.*, 234 Cal. Rptr. 3d 1, 4 (Ct. App. 2018) (emphasis added); *see also Lopez v. Friant & Assocs., LLC*, 224 Cal. Rptr. 3d 1, 11 (Ct. App. 2017).  Insofar as Whitehead also sought statutory penalties directly under section 226(e), the district court properly dismissed such claims, as Whitehead failed to allege any facts tending to show that Pacifica knowingly and intentionally violated section 226(a).

4. We also reverse the district court's dismissal of Whitehead's claim under California Business & Professions Code § 17200.  Section 17200 prohibits unfair

competition, including "any unlawful . . . business act or practice." Cal. Bus. & Prof. Code § 17200. By prohibiting unlawful business practices, section 17200 "'borrows' violations of other laws" and treats them "as unlawful practices independently actionable." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1214 (9th Cir. 2020) (quoting *Farmers Ins. Exch. v. Superior Court*, 2 Cal.4th 377, 383 (1992)). The district court dismissed Whitehead's section 17200 claim on the ground that the claim was "derivative of her claims for relief from discrimination," which the court dismissed. But Whitehead predicated her section 17200 claim not only on her discrimination claims but also on her allegations that Pacifica violated the Labor Code, *e.g.*, by failing to pay its employees their accrued vacation time as required by California Labor Code section 227.3. And as required by Business & Professions Code section 17204, Whitehead also alleged that she suffered an economic injury as a result of these violations. *See* Cal. Bus. & Prof. Code 17204. Because we hold that Whitehead has properly alleged violations of the California Labor Code, her claim under section 17200 also may proceed.

The district court's dismissal of Whitehead's causes of action for discrimination, retaliation, failure to accommodate, and wrongful discharge in violation of public policy, and her claim for relief under California Labor Code section 226(e), is **AFFIRMED** (causes of action one through eleven and, in part, twelve). The district court's dismissal of Whitehead's causes of action arising under

10

PAGA and her claim under California Business and Professions Code section 17200

is **REVERSED** (causes of action twelve to fifteen, and eighteen).